# ATTACHMENT

1

2

3

4

5

6

7          IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
            IN AND FOR KING COUNTY

8

9    MATTHEW DEDERING, as an individual
     and as a representative of the class,

10                                                    No.    15-2-20646-0 SEA
                        Plaintiff,
                                                      SUMMONS (20 DAY)
11

           v.

12

     FIRST ADVANTAGE LNS SCREENING

13   SOLUTIONS, INC.,

14                      Defendant.

15

16

17   TO:     FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

18          A lawsuit has been started against you in the above-entitled court by the above-named

19   Plaintiff.  Plaintiff's claims are stated in the written Complaint, a copy of which is served upon

20   you with this Summons.

21          In order to defend against this lawsuit, you must respond to the Complaint by stating

22   your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiff within

23   twenty (20) days after the service of this Summons, excluding the day of service.  If you do not

24   respond, a default judgment may be entered against you without notice.  A default judgment is

25   one in which Plaintiff is entitled to what they ask for because you have not responded.  If you

26

27

SUMMONS (20 DAY) - 1

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1   serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a

2   default judgment may be entered.

3          You may demand that Plaintiff file this lawsuit with the court.  If you do so, the demand

4   must be in writing and must be served upon Plaintiff.  Within fourteen (14) days after you serve

5   the demand, Plaintiff must file this lawsuit with the court, or the service on you of this

6   Summons and Complaint will be void.

7          If you wish to seek the advice of an attorney in this matter, you should do so promptly

8   so that your written response, if any, may be served on time.

9          This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10  State of Washington.

11         DATED this 24th day of August, 2015.

12                              TERRELL MARSHALL DAUDT
13                                & WILLIE PLLC

14
                                By:  /s/ Beth E. Terrell, WSBA #26759
15                                   Beth E. Terrell, WSBA #26759
                                     Email:  bterrell@tmdwlaw.com
16                                   Erika L. Nusser, WSBA #40854
                                     Email:  enusser@tmdwlaw.com
17                                   936 North 34th Street, Suite 300
                                     Seattle, Washington 98103-8869
18                                   Telephone:  (206) 816-6603
                                     Facsimile:  (206) 350-3528
19

20                                   Todd S. Garber
                                     Email:  tgarber@fbfglaw.com
21                                   FINKELSTEIN, BLANKINSHIP,
                                       FREI-PEARSON & GARBER, LLP
22                                   1311 Mamaroneck Avenue, Suite 220
                                     White Plains, New York 10605
23                                   Telephone: (914) 298-3281
                                     Facsimile: (914) 824-1561
24

25

26

27

Kim E. Richman
Email:  krichman@richmanlawgroup.com
THE RICHMAN LAW GROUP
195 Plymouth Street
Brooklyn, New York 11201
Telephone:  (212) 687-8291
Facsimile:  (212) 687-8292

E. Michelle Drake
Email:  drake@nka.com
John G. Albanese
Email:  jalbanese@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

*Attorneys for Plaintiff and Proposed Class*

SUMMONS (20 DAY) - 3

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| MATTHEW DEDERING, as an individual and as a representative of the class,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>Defendant. | No.   15-2-20646-0 SEA<br><br>**COMPLAINT – CLASS ACTION** |

9

10

11

12

13

14

15

16

17       Plaintiff Matthew Dedering ("Dedering" or "Plaintiff"), by and through his undersigned

18   counsel, respectfully files this Class Action Complaint on behalf of himself and a class of

19   similarly situated individuals. Defendant First Advantage LNS Screening Solutions, Inc. ("First

20   Advantage" or "Defendant") produced consumer reports on Plaintiff and the proposed class that

21   contained inaccurate and incomplete information. Plaintiff bases his allegations herein upon his

22   personal knowledge and the investigation of his counsel.

23                              **I. GENERAL ALLEGATIONS**

24       1.       One in four Americans has a criminal history, and many employers require job

25   applicants to complete a background check successfully prior to extending an offer of

26   employment.  Employers may also conduct background checks on current employees.    In

27

COMPLAINT – CLASS ACTION - 1

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1   addition, criminal history older than seven years and juvenile criminal history are not accurate

2   predictors of an individual's likelihood to commit future crime.  Compilation and commercial

3   reporting of such criminal information is an unfair practice that undermines consumer

4   confidentiality and privacy.

5        2.      Companies that provide background check services collect information

6   concerning members of the public, such as criminal histories, into reports and offer the reports

7   for sale, including for sale to employers when the employers are conducting background checks

8   on prospective and current employees.

9        3.      Defendant provides such services.  Defendant offers background reports that

10  include criminal histories for sale to employers.

11       4.      Because an employer's hiring decisions often depend on the applicant being

12  either completely free of criminal convictions or free of criminal convictions within a certain

13  period of time, it is extremely important that the information contained in criminal history

14  reports be thoroughly accurate.

15       5.      Defendant's criminal history reports (hereinafter "Criminal History Reports")

16  that include one or more criminal convictions are misleading and inaccurate because they omit

17  the conviction date and instead include another date (labeled merely "Date" on the report) that

18  Defendant presents in a fashion that suggests the "Date" is actually a conviction date.

19       6.      Defendant's misleading and inaccurate Criminal History Reports result in

20  adverse employment decisions by Employers against qualified employees.

21       7.      Specifically, in the section of Defendant's Criminal History Reports that

22  provides information concerning criminal convictions, Defendant provides the information

23  using the following labels and in the following order:

24              Case Reference#

25              Case Date

26              Name on File

27              DoB on File

COMPLAINT – CLASS ACTION - 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1          Charge

2          Charge Type

3          Disposition

4          Date

5          Sentence

6          8.      As the preceding paragraph shows, Defendant's Criminal History Reports

7    provide several dates in connection with information concerning a criminal conviction,

8    including dates labeled "Case Date" and "Date."

9          9.      The "Case Date" is always earlier in time than the "Date."

10         10.     Because Defendant presents the "Case Date" just below the "Case Reference #,"

11   employers do not likely infer that the "Case Date" is a conviction date.

12         11.     Because Defendant presents the "Date" just after information concerning the

13   subject's "Charge," "Charge Type," and the charge's "Disposition" and just before the subject's

14   "Sentence," and because the "Date" is always later in time than the "Case Date," employers

15   very likely reasonably infer that the information Defendant labels as "Date" is a conviction date.

16         12.     However, the information that Defendant labels as "Date" is not a conviction

17   date.  The information labelled as "Date" is unrelated to the conviction date and is often years

18   after the actual date of conviction.

19         13.     Thus, Defendant presents the criminal history information in its Criminal History

20   Reports in a manner that misleads employers and, consequently, injures prospective and current

21   employees.

22         14.     A reasonably prudent person in Defendant's position would not use the

23   ambiguous label "Date" to identify an unspecified event in someone's criminal record,

24   especially when presenting the "Date" information immediately after information concerning

25   the subject's "Charge," "Charge Type," and "Disposition" and immediately before information

26   concerning the subject's "Sentence."  Instead of using the label "Date," a reasonably prudent

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1  person would use a more specific label to indicate to which event in the criminal record the

2  "Date" field refers or would omit the "Date" field altogether.

3      15.    Information that would clarify Defendant's misleading Criminal History Reports

4  is easily available. Indeed, Defendant already has more specific  information regarding criminal

5  records in its databases that could clarify the information labelled as "Date."  Including this

6  easily accessible information in the Criminal History Reports would impose little to no cost on

7  Defendant.

8      16.    By contrast, the injuries prospective and current employees suffer on account of

9  Defendant's misleading Criminal History Reports are significant. Among other things,

10  employees can lose their jobs, can lose wages to which they would otherwise be entitled, and

11  can suffer emotional distress, mental anguish, loss of enjoyment of life, embarrassment, and

12  humiliation.

13      17.    Further, misrepresenting the conviction date as more recent than it is causes

14  harm because certain items of criminal history that would otherwise be too old to be reported

15  are nevertheless reported due to the inaccurate date.

16      18.    For example, under Washington law, consumer reporting agencies are not

17  permitted to report juvenile records related to adult consumers.  RCW 19.182.040(1)(f).

18      19.    As explained below, the misreported date can cause juvenile convictions to be

19  reported even when the conviction should not have been reported under Washington law.

20      20.    Defendant has injured Plaintiff and Class members by providing their respective

21  employers with misleading and inaccurate Criminal History Reports.

22      21.    Defendant systematically violates the Fair Credit Reporting Act, 15 U.S.C. §

23  1681, *et seq.* (the "FCRA").

24      22.    Plaintiff seeks redress on behalf of all persons who have suffered due to

25  Defendant's misleading and inaccurate criminal background reporting practices.

26

27

COMPLAINT – CLASS ACTION - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

## II.  JURISDICTION AND VENUE

23.    This Court has jurisdiction over all causes of action asserted herein under RCW 2.08.010.

24.    The Court has jurisdiction over Defendant pursuant to RCW 4.28.185 because Defendant transacted business in the State of Washington.

25.    Venue is proper in this Court because Defendant transacts business in King County and therefore resides in King County.  Defendant provides background screening services for many retail companies that operate in King County, including Target and Best Buy.

26.    This action is timely filed within the limits prescribed by all applicable statutes of limitation and repose.

## III.  PARTIES

27.    Plaintiff Matthew Dedering is a natural person who resides in Puyallup, Washington.  Dedering is a consumer within the meaning of the FCRA.  *See* 15 U.S.C. § 1681a(c).

28.    First Advantage is a consumer reporting agency headquartered in Atlanta, Georgia, that provides more than 54 million background checks annually and has over 350 million criminal records as part of its database. http://www.fadv.com/Portals/0/Downloads/infographics/FADV-OurStory-Infographic-v12-041715.pdf.

## IV.  PLAINTIFF DEDERING'S REPORT

29.    In August 2013, Mr. Dedering applied for a retail job with Best Buy in Puyallup, Washington.

30.    In September 2013, Best Buy procured a Criminal History Report from Defendant.  The report is attached as Exhibit A.

31.    The information Defendant provided in the Criminal History Report was inaccurate and incomplete.

COMPLAINT – CLASS ACTION - 5

32.     Specifically, Defendant provided to Best Buy the following information concerning Mr. Dedering's two convictions:

|   |   |   |
|---|---|---|
| a. | Case Reference # | 988013629 |
|    | Case Date | 04/02/1998 |
|    | Name on File | Matthew Dedering |
|    | DoB on File | [omitted] |
|    | Charge | POSSESSION OF STOLEN PROPERTY 1ST |
|    | Charge Type | FELONY |
|    | Disposition | GUILTY |
|    | Date | 8/26/2008 |
|    | Sentence | PROBATION 6 MONTHS |
| b. | Case Reference # | 988015141 |
|    | Case Date | 04/22/1998 |
|    | Name on File | Matthew Dedering |
|    | DoB on File | [omitted] |
|    | Charge | BURGLARY 2ND |
|    | Charge Type | FELONY |
|    | Disposition | GUILTY |
|    | Date | 8/26/2008 |
|    | Sentence | RESTITUTION 1100; PROBATION 3 MONTHS; COMMUNITY SERVICE 20 HOURS |

33.     Due to the ambiguous "Date" label, Defendant's report misleadingly and inaccurately indicated that Dedering was convicted of two felonies on August 26, 2008.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1     34.     In fact, Dedering was not convicted on August 26, 2008. Instead, the disposition

2    orders in his cases were entered on August 26, *1998*, and an amended disposition order was

3    entered in Case No. 988015141 on August 2, *1999*.

4     35.     Defendant's Criminal History Report does not include Mr. Dedering's actual

5    conviction dates, but instead misleadingly and inaccurately indicated that August 26, 2008 was

6    the conviction dates for both cases.

7     36.     The misleading and inaccurate Criminal History Report Defendant provided to

8    Best Buy prevented Mr. Dedering from passing Best Buy's background check.

9     37.     As part of its services for Best Buy, Defendant not only generates Criminal

10   History Reports, but also "adjudicates" job applicants based on those reports and a list of hiring

11   criteria provided by Best Buy.

12    38.     Defendant applies different labels, "Eligible" or "Ineligible," to prospective job

13   applicants. These labels reflect Defendant's determination as to whether the consumer who is

14   the subject of the Criminal History Report satisfies the employer's pre-established hiring

15   criteria.

16    39.     When a consumer is labeled as "Ineligible," Defendant also labels as

17   "Decisional" the section of its report which was the basis for the "Ineligibility" rating.

18    40.     Defendant adjudicated Mr. Dedering as "Ineligible." Per the report, the only

19   section of Mr. Dedering's report that was flagged as "Decisional" was the section of

20   Defendant's report titled "Felony Including Misdemeanor PUYALLUP, PIERCE, WA." The

21   only criminal history included under that heading were the two convictions listed above.

22    41.     The "Search Period" for that search was a seven-year search from 8/16/2006-

23   8/16/2013.

24    42.     When Plaintiff requested a copy of his consumer file from Defendant in March

25   of 2015, Defendant produced a new report for Plaintiff that had a category title of "Disposition

26   Date." For both of his convictions, Defendant provided the "Disposition Date" as August, 26,

27   2008. *See* Exhibit B.

COMPLAINT – CLASS ACTION - 7

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1       43.    When Plaintiff requested a copy of his consumer file from Defendant in March

2   of 2015, Defendant's response did not include any copies of any original court records

3   regarding Plaintiff. *See* <u>Exhibit B</u>.

4       44.    If Defendant had listed the correct disposition dates of 1998 and 1999, rather

5   than the incorrect August 26, 2008 disposition dates, those convictions would have never

6   appeared in Mr. Dedering's Criminal History Report for Best Buy because they would have

7   been outside the search period.

8       45.    If Defendant had listed the correct disposition dates of 1998 and 1999, rather

9   than the incorrect August 26, 2008 disposition dates, Defendant would have adjudicated Mr.

10  Dedering as "Eligible" for the job at Best Buy.

11      46.    In addition, the Criminal History Report contained information about Dedering's

12  juvenile criminal conviction history in violation of Washington law. *See* RCW 19.182.040

13  (forbidding reporting of juvenile convictions).

14      47.    Plaintiff's date of birth was known to Defendant when it published its Criminal

15  History Report to Best Buy. The Criminal History Report to Best Buy included both the month

16  and date of Defendant's birth, but did not show the year of his birth, instead representing it as

17  "XXXX."

18      48.    Because Defendant knew Plaintiff's date of birth, Defendant was aware that

19  Plaintiff was fourteen years old in April 1998 and sixteen years old in August 1999, the correct

20  disposition dates for the convictions listed in Defendant's report.  Defendant was also aware

21  that Plaintiff was over the age of twenty-one when Defendant supplied Plaintiff's Criminal

22  History Report to Best Buy.

23      49.    Pursuant to Washington law, a person under the age of eighteen (18) who

24  commits a criminal offense is considered a juvenile, and any juvenile record may not be

25  included in a consumer report. *See* RCW 13.04.011(2) (defining juvenile as a person under the

26  age of eighteen); RCW 19.182.040(f) (forbidding inclusion of juvenile records in reports

27  produced after the consumer has reached the age of twenty-one).

TERRELL MARSHALL DAUDT & WILLIE PLLC
938 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1    50.    If Defendant had omitted juvenile convictions from its Criminal History Reports,

2  as required by law, Defendant would have adjudicated Mr. Dedering as "Eligible" for the job at

3  Best Buy.

4    51.    In 2007, Defendant issued a Criminal History Report on Mr. Dedering for

5  another employer.  Notably, that Criminal History Report did not include Mr. Dedering's

6  juvenile convictions.  *See* Exhibit C.

7    52.    Defendant excluded the juvenile convictions from its 2007 Criminal History

8  Report because Defendant realized those convictions were too old to be reported without

9  violating RCW 19.182.040 and because those convictions were for offenses committed when

10  Mr. Dedering was a juvenile.

11    53.    Defendant therefore knew that the disposition dates for Mr. Dedering's juvenile

12  convictions were incorrect on the 2013 Criminal History Report it issued to Best Buy.

13  Defendant was also on notice that it was reporting juvenile convictions.

14    54.    Yet Defendant failed to have any quality control systems in place that flagged its

15  2013 report for additional review based on the fact that it included convictions which were not

16  included on a previous report and which dated back to a time when Dedering was under the age

17  of eighteen.

18    55.    Defendant's conduct violated the law.

19    56.    The FCRA requires that consumer reporting agencies "follow reasonable

20  procedures to assure maximum possible accuracy" in their reports. 15 U.S.C. § 1681e(b); RCW

21  19.182.060(2).

22    57.    Defendant failed to maintain reasonable procedures to ensure Dedering's

23  Criminal History Report was accurate, and further failed to maintain reasonable procedures to

24  ensure juvenile records were not included in his Criminal History Report.

25    58.    Defendant provided Best Buy with a copy of the consumer report it made in

26  relation to Plaintiff.

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

59.     Best Buy denied Plaintiff's application for employment as a result of the convictions listed in the consumer report that Defendant made about Plaintiff.

60.     Defendant's conduct actually and proximately caused Mr. Dedering to suffer injury and damages in his business or property, including but not limited to lost wages and emotional distress.

## V.  CLASS ACTION ALLEGATIONS

61.     Unfortunately, Dedering's experience with Defendant is not isolated.

62.     During the two-year period preceding the filing of this Complaint, Defendant has routinely reported inaccurate disposition dates for criminal offenses.  At least two other individuals have filed lawsuits against Defendant based on the same allegations as those present here, namely that Defendant routinely and systematically includes a date in the "Date" field of its Criminal History Reports that does not match the actual date of conviction.  *See Jamon Bolton & Christopher Staples v. First Advantage LNS Screening Solutions, Inc.*, No. 1:14-cv-5735 (S.D.N.Y.).

63.     Defendant routinely bases its decisions about whether a given conviction is a juvenile conviction on information in the "Date" field.  When information in the Date field is wrong, then so too is Defendant's determination about the age of the conviction.

64.     By presenting the criminal history information in its Criminal History Reports in a manner that misleads employers and which routinely makes criminal convictions appear more recent than they actually are, Defendant's reporting practices injure prospective and current employees.

65.     By presenting criminal history information in its Criminal History Reports about juvenile convictions, Defendant's reporting practices injure prospective and current employees.

66.     The injuries prospective and current employees suffer on account of Defendant's misleading, inaccurate, and illegal Criminal History Reports are significant: among other things, job applicants may be denied employment and employees can lose their jobs, thereby losing wages to which they would otherwise be entitled.

COMPLAINT – CLASS ACTION - 10

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1    67.    It is unreasonable for Defendant to continue to incorrectly report conviction

2    dates.

3    68.    One example of Defendant's unreasonable procedures is its failure to exert

4    quality control and correct records when a new Criminal History Report includes information

5    about a criminal case that was excluded from a previous report.

6    69.    Defendant elected not to have better quality control procedures in order to

7    maximize its profits, choosing to forego the expense of quality control procedures like those

8    outlined herein. Defendant made this decision despite being on notice that its routine procedures

9    rendered its Criminal History Reports inaccurate.

10   70.    Plaintiff asserts his claim on behalf of the proposed Class defined as follows:

11         All consumers who at any time during the applicable limitations
           period were the subject of a consumer report issued by Defendant
12         to a user who certified that it would be used for employment
           purposes in which Defendant omitted the date of the consumer's
13         conviction(s) and yet included information labeled "Date" that
           was not the date of the consumers' conviction(s).
14

15   71.    Excluded from the Class are officers and directors of Defendant; members of the

16   immediate families of the officers and directors of Defendant; their legal representatives, heirs,

17   successors, or assigns; and any entity in which they have or have had a controlling interest. Also

18   excluded are the judge to whom this case is assigned and any member of the judge's immediate

19   family.

20   **Numerosity**

21   72.    At this time, Plaintiff does not know the exact number of members of the Class;

22   however, given the nature of the claims and Defendant's widespread provision of Criminal

23   History Reports to current and prospective employers, the members of the Class are so

24   numerous that joinder of them is impracticable.

25

26

27

COMPLAINT – CLASS ACTION - 11

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

**Commonality**

73.     There is a well-defined community of interest in the questions of law and fact involved in this case.  These questions include but are not limited to the following:

        a.      whether Defendant furnishes misleading and inaccurate Criminal History Reports to employers concerning prospective and current employees;

        b.      whether Defendant uses reasonable procedures to assure maximum possible accuracy of the Criminal History Reports it furnishes to employers;

        c.      whether Defendant has engaged in a common course of omitting accurate conviction dates from its Criminal History Reports; and

        d.      whether Defendant's FCRA violations were willful, and/or negligent.

**Typicality**

74.     Plaintiff's claims are typical of the claims of the Class.  Plaintiff and Class members were each the subject of one of Defendant's misleading and inaccurate Criminal History Reports.  Thus, Plaintiff's claims, like the claims of the Class, arise out of the same common practices of conduct by Defendant and are based on the same legal and remedial theories.

**Adequacy**

75.     Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel who are experienced in litigating complex class actions.  Plaintiff has no interests that conflict with those of the Class members.

**Predominance and Superiority**

76.     The Class meets the requirements for certification to seek monetary relief under Civil Rule 23(b)(3), as the questions of law or fact common to Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Additionally, individual actions may be dispositive of the interests of the Class even though certain members of the Class are

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1   not parties to such actions.  Further, a class action is superior to other available methods for the

2   fair and efficient adjudication of the controversy, for at least the following reasons:

3           a.     Absent a class action, Class members as a practical matter will be unable

4   to obtain redress; Defendant's violations will continue without remedy; and additional

5   consumers will be harmed.

6           b.     It would be a substantial hardship for most individual members of the

7   Class if they were forced to prosecute individual actions.

8           c.     A class action will permit an orderly and expeditious administration of

9   Class claims and foster economies of time, effort, and expense.

10          d.     The lawsuit presents no difficulties that would impede its management by

11   the Court as a class action.

12          e.     Defendant has acted on grounds generally applicable to Class members,

13   making Class-wide relief appropriate.

## VI.  CAUSE OF ACTION

### (Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)
### (Violation of 15 U.S.C. § 1681e(b))

77.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-76 as if fully
set forth herein.

78.    Plaintiff brings this claim on behalf of himself and on behalf of the FCRA Class
members, under the FCRA for violation of 15 U.S.C. § 1681e(b).

79.    In the "Congressional findings and statement of purpose" of the FCRA, Congress
stated that "[c]onsumer reporting agencies have assumed a vital role in assembling and
evaluating consumer credit and other information on consumers" and "[t]here is a need to
ensure that consumer reporting agencies exercise their grave responsibilities with fairness,
impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681(a)(3), (4).

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

80. Plaintiffs and Class members are "consumers" under the FCRA because Plaintiff and Class members are individuals. *See* 15 U.S.C. § 1681a(c) ("The term 'consumer' means an individual.").

81. The FCRA applies to Defendant because it is a "person" and a "consumer reporting agency" under the statute, and its Criminal History Reports are "consumer reports" under the statute. *Id.* § 1681a(b), (d)(1), (f).

82. Indeed, Defendant has admitted the FCRA applies to the Criminal History Reports it issued to Plaintiff because each such report includes, *inter alia,* a copy of Plaintiff's rights under the FCRA.

83. Under the FCRA, a "person" is an "individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." *Id.* § 1681a(b).

84. Defendant is a corporation and, consequently, it is a "person" under the FCRA.

85. Under the FCRA, a "consumer reporting agency" is a "person which, for monetary fees . . . regularly engages . . . in part the practice of assembling or evaluating . . . information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

86. Defendant is a "consumer reporting agency" under the FCRA because, for monetary fees, it assembles or evaluates information on consumers for the purpose of furnishing Criminal History Reports to third parties (*i.e.,* the consumers' current or prospective employers), and because Defendant uses means or facilities of interstate commerce for the purpose of preparing or furnishing the Criminal History Reports. *Id.*

87. Defendant's Criminal History Reports are "consumer reports" under the FCRA because each Criminal History Report is a "written . . . communication of . . . information by a consumer reporting agency bearing on a consumer's . . . character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1  in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . .

2  employment purposes[.]" *Id.* § 1681a(d)(1)(B).

3      88.    As part of its service agreement with its customers, Defendant requires that its

4  customers contact Defendant to invoke special procedures for preparation and use of a Criminal

5  History Report in the case of suspected misconduct or violation of state, federal, or local law.

6  Plaintiff's Criminal History Reports was not procured using these special procedures.

7      89.    Plaintiff's report was not procured in connection with any investigation of

8  suspected misconduct relating to employment or to compliance with state, federal, or local laws

9  and regulations, the rules of a self-regulatory organization, or any preexisting written policies of

10  the employer.

11      90.    Section 1681e(b) of the FCRA provides:

12          Whenever a consumer reporting agency prepares a consumer
        report it shall follow reasonable procedures to assure maximum
13          possible accuracy of the information concerning the individual
        about whom the report relates.
14

15      91.    Under FCRA Section 1681e(b), First Advantage has a duty to "follow reasonable

16  procedures to assure maximum possible accuracy of the information" in its Criminal History

17  Reports. *Id.* § 1681e(b).

18      92.    As set forth above, when preparing the Criminal History Reports, which are

19  consumer reports, Defendant has lacked, and continues to lack, reasonable procedures to assure

20  the maximum possible accuracy of the information contained in the Criminal History Reports.

21  Defendant fails to follow such reasonable procedures because it knowingly, recklessly, and

22  negligently omits the conviction dates from the Criminal History Reports. Instead, Defendant

23  includes information labeled merely "Date" that its customers very likely reasonably infer is a

24  conviction date.

25      93.    Defendant's liability to Plaintiff and the FCRA Class members arose from the

26  same unlawful policies, practices, or procedures. In particular, Defendant failed to employ

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1  reasonable procedures to ensure maximum possible accuracy of the information in the consumer

2  reports in question.

3      94.    Defendant's violations of Section 1681e(b) were also willful in that (i) it knew,

4  or reasonably should have known, that it was failing to comply with the FCRA and/or (ii) it was

5  acting in reckless disregard of its responsibilities under the FCRA.

6      95.    As a result of Defendant's unlawful actions and pursuant to Section 1681n and

7  1681o, Plaintiff and each Class member are entitled to any actual damages they sustained or

8  damages of not less than $100 and not more than $1,000; such amount of punitive damages as

9  the court may allow; and the costs of the action together with reasonable attorney's fees as

10  determined by the court. *See* Section 1681n(a)(1)(A), (2), and (3); and Section 1681o(a)(1), (2).

11      96.    The above-described willful and negligent violations present an ongoing threat to

12  the FCRA Class.

13               **VII.  PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against

15  Defendant as follows:

16      A.    An Order certifying the proposed Class under Civil Rule 23(b)(3) and appointing

17  Plaintiff as class representative and his counsel as class counsel, as soon as practicable;

18      B.    An Order declaring that Defendant is financially responsible for notifying Class

19  members of the pendency of this suit;

20      C.    An Order declaring that Defendant has committed the violations of law alleged

21  herein;

22      D.    An Order providing for any and all injunctive relief the Court deems appropriate;

23      E.    An Order awarding statutory damages in the maximum amount the law allows;

24      F.    An Order awarding monetary damages, including but not limited to any

25  compensatory, incidental, or consequential damages in an amount to be determined by the Court

26  or jury;

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

1    G.    An Order awarding punitive damages in accordance with proof and in an amount

2  consistent with applicable precedent;

3    H.    An Order awarding interest at the maximum allowable legal rate on the

4  foregoing sums;

5    I.    An Order awarding Plaintiff his reasonable costs and expenses of suit, including

6  attorneys' fees; and

7    J.    Such further relief as this Court may deem just and proper.

8    RESPECTFULLY SUBMITTED AND DATED this 24th day of August, 2015.

9                    TERRELL MARSHALL DAUDT
                     & WILLIE PLLC
10

11                   By:  /s/ Beth E. Terrell, WSBA #26759
12                       Beth E. Terrell, WSBA #26759
                         Email:  bterrell@tmdwlaw.com
13                       Erika L. Nusser, WSBA #40854
                         Email:  enusser@tmdwlaw.com
14                       936 North 34th Street, Suite 300
                         Seattle, Washington 98103-8869
15                       Telephone:  (206) 816-6603
                         Facsimile:  (206) 350-3528
16

17                       Todd S. Garber
                         Email: tgarber@fbfglaw.com
18                       FINKELSTEIN, BLANKINSHIP,
                            FREI-PEARSON & GARBER, LLP
19                       1311 Mamaroneck Avenue, Suite 220
                         White Plains, New York 10605
20                       Telephone: (914) 298-3281
                         Facsimile: (914) 824-1561
21

22                       Kim E. Richman
                         Email: krichman@richmanlawgroup.com
23                       THE RICHMAN LAW GROUP
                         195 Plymouth Street
24                       Brooklyn, New York 11201
                         Telephone: (212) 687-8291
25                       Facsimile: (212) 687-8292
26

27

COMPLAINT – CLASS ACTION - 17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

E. Michelle Drake
Email: drake@nka.com
John G. Albanese
Email: jalbanese@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

*Attorneys for Plaintiff and Proposed Class*

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N 34th St, Suite 300
Seattle WA 98103
TEL. 206-816-6603 • FAX 206-350-3528

# EXHIBIT A

MATTHEW DEDERING

# Background Report

### *Confidential*

## MATTHEW DEDERING



## CID -

BEST BUY

7601 PENN AVE S

MINNEAPOLIS, MN 55432-5004

**Caution to Customer:** Under the terms of our service agreement, this report is submitted with the understanding that it is to be held in strict confidence and to be used Only for the purpose indicated in the Customer's agreement for service, i.e. to determine eligibility for Employment / Volunteer / Government benefits / etc. If the Client Representative intends to take adverse action based in whole or in part on the contents of this report, the Customer Representative must provide the consumer with a copy of the report and a summary of consumer rights as prescribed by FCRA section 1681g(c)(3). First Advantage has provided your company with copies of the consumer rights statements for this purpose. In addition, remember the pre- and post-notification requirements and Consumer authorization prescribed by FCRA section 1681b and section 1681m.

| If you are a First Advantage Consumer | Please contact the First Advantage Consumer Center at:<br>**1-800-845-6004** Toll Free (within the U.S.)<br>**+1 678-694-2530** Toll Number (outside the U.S.) |
|---|---|
| First Advantage Customers | Please contact the CHARLOTTE EMPLOYMENT SERVICE CENTER at:<br>**866-221-6684** |

**First Advantage**
a Symphony Technology Group Company

Enterprise Advantage



**General Consumer Information**

| | | |
|---|---|---|
| **Consumer's Name** MATTHEW DEDERING | **Cost Center** 120002991992100 | |
| **Client Name** BEST BUY | **Requestor Name** 270093 | |

The following consumer information was used in the production of this report:
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

**SSN**    **Address** 
PUYALLUP, WA

**Date of Birth** XXXX

**Consumer Contact**   **Consumer Alternate Contact**

**Other Names**

Not Provided

**Information Regarding this Order:**

**Position Applied For** 94200BR

**Date Ordered** Aug 30, 2013 12:36:51 PM

**Background Check** Sep 06, 2013 03:03:05 PM
**Completion Date**

**Report Last Updated on** Sep 06, 2013 03:03:05 PM

**Date Report Printed** Mar 25, 2015 05:46:45 PM

## Location

| Label | Value |
|---|---|
| Brand | BestBuyMobile |
| Location Number | 0029911 |

All timestamps represent Eastern Time.

## Background Report Summary

**Score Result** INELIGIBLE

**Package Name** STANDARD PACKAGE

| Package Searches Ordered | Status | Review | Score |
|---|---|---|---|
| First Advantage National Criminal File Plus | Complete | No | |
| First Advantage National Criminal File Plus PUYALLUP, PIERCE, WA | Complete | No | Eligible |
| Felony Including Misdemeanor | Complete | Yes** | |
| Felony Including Misdemeanor PUYALLUP, PIERCE, WA | Complete | Yes** | Decisional |
| National Sex Offender Registry Search - Department Of Justice Web Site | Complete | No | |
| National Sex Offender Registry Search - Department Of Justice Web Site | Complete | No | Eligible |
| Retail Theft Contributory Database | Complete | No | |
| Retail Theft Contributory Database | Complete | No | Eligible |

**Additional Searches Ordered**

NONE.

**Score Status**

09/06/2013

* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

** Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

*** This product has been blocked from delivery due to compliance related restrictions.

## Social Security Number Validation

**Note**

The Social Security Number Validation is a process where the SSN is confirmed as being issued by the Social Security Administration. The Social Security Number Validation also confirms that the SSN does not belong to a deceased individual.

**Valid SSN?** Yes

**State Issued** WASHINGTON

| Date Issued BETWEEN XXXX-1984 | Reported Deceased? No |
|---|---|

**Disclaimer**

The results of the Social Security Number Validation do not provide a verification that the Social Security Number belongs to the Consumer of this report.

---

| | Status: Complete |
|---|---|
| **First Advantage National Criminal File Plus PUYALLUP, PIERCE, WA** | Score: Eligible |

| | |
|---|---|
| **Record Source** | DATABASE SEARCH (XDB) - WA AOC COURTS OF LIMITED - ENUMCLAW MUNICIPAL COURT |
| **Search Results** | Record Found |
| **Search Type** | First Advantage National Criminal File Plus Search |
| **Type of Search** | First Advantage National Criminal File Plus |
| **Date of Search** | 08/30/2013 |
| **Address Covered** | ████████████ |
| **Address City Covered** | PUYALLUP |
| **Address County Covered** | PIERCE |
| **Address State Covered** | WA |
| **Address Zip** | ██████ |
| **Location** | CITY OF MAPLE VALLEY, WA CITY OF MAPLE VALLEY COUNTY |
| **Given Name Searched** | MATTHEW DEDERING |
| **Developed Name Searched** | MATTHEW I DEDERING, MATTHEW I DEDERINE, MATTHEW INA DEDERING, MATTHEW IAN DEDERING, MATT DEDERING |

---

*Full matched by the following identifiers: Last Name, First Name, Middle Name, DOB*

| | |
|---|---|
| **Case Reference #** | 52404MV |
| **Case Date** | 09/03/2009 |
| **Name on File** | MATTHEW IAN DEDERING |
| **DoB on File** | ████XXXX |
| **Charge** | OPERATOR VEHICLE WITHOUT IGNITION INTERLOCK |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Date** | 01/13/2010 |
| **Sentence** | FINED $1000.00, SUSPENDED $800.00; JAIL 90 DAYS, SUSPENDED 88 DAYS |
| **Current as of Date** | 06/30/2013 |

**Disclaimers**

The following notice is provided as required under the Office of the Administrator for the Courts of Washington State for database (NCRF) records. The information/data provided is based on information obtained from the courts as of the period of time covered by the update. The Office of the Administrator for the Courts of Washington Courts (1) Do not

warrant that the information is accurate or complete (except for court purposes; 2) Make no representations regarding the identity of any persons whose names appear in the index; and 3) deny liability for any damages resulting from the release or use of the data. To verify the information, the user should personally consult the "official" record reposing at the court of record.

**Felony Including Misdemeanor PUYALLUP, PIERCE, WA**                                    Status: Complete

                                                                                        Score:  Decisions

| Record Source | PIERCE SUPERIOR COURT |
|---|---|
| Search Results | Record Found |
| Search Type | FELONY INDEX SEARCH INCLUDE MISDEMEANORS |
| Type of Search | Felony Including Misdemeanor |
| Date of Search | 09/05/2013 |
| Search Period | 08/16/2006 - 08/16/2013 |
| Address Covered | ███████████ |
| Address City Covered | PUYALLUP |
| Address County Covered | PIERCE |
| Address State Covered | WA |
| Address Zip | █████ |
| Location | 930 TACOMA AVE SOUTH, RM 110 TACOMA PIERCE COUNTY |
| Given Name Searched | MATTHEW DEDERING |

*Full matched by the following identifiers: Last Name, First Name, DOB*

| Case Reference # | 988013629 |
|---|---|
| Case Date | 04/02/1998 |
| Name on File | MATTHEW DEDERING |
| DoB on File | ████XXXX |
| Charge | POSSESSION OF STOLEN PROPERTY 1ST |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Date | 08/26/2008 |
| Sentence | PROBATION 6 MONTHS |

*Full matched by the following identifiers: Last Name, First Name, DOB*

| Case Reference # | 988015141 |
|---|---|
| Case Date | 04/22/1998 |
| Name on File | MATTHEW DEDERING |
| DoB on File | ████XXXX |

| Charge | BURGLARY 2ND |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Date | 08/26/2008 |
| Sentence | RESTITUTION 1100; PROBATION 3 MONTHS; COMMUNITY SERVICE 20 HOURS |

**Source Status History**

| Status Date | Description |
| --- | --- |
| 09/04/2013 10:15:15 AM | Additional Research Required, Expected completion by 09/09/2013 |
| 09/03/2013 11:36:15 AM | Additional Research Required, Expected completion by 09/09/2013 |
| 08/30/2013 12:48:38 PM | Search in progress, Expected completion by 09/04/2013 |

**National Sex Offender Registry Search - Department Of Justice Web Site**   Status: Complete   Score: Eligible

| Record Source | NATIONAL SEX OFFENDER REGISTRY |
| Search Results | No Record Found |
| Search Type | NATIONAL SEX OFFENDER REGISTRY SEARCH DEPT OF JUSTICE |
| Type of Search | National Sex Offender Registry Search - Department Of Justice Web Site |
| Date of Search | 08/30/2013 |
| Search Period | 08/16/2006 - 08/16/2013 |
| Given Name Searched | MATTHEW DEDERING |

**Source Status History**

| Status Date | Description |
| --- | --- |
| 08/30/2013 12:51:45 PM | Search in progress, Expected completion by 09/04/2013 |

**Retail Theft Contributory Database**   Status: Complete   Score: Eligible

**Description**

RETAIL THEFT CONTRIBUTORY DATABASE

**Remark**

No report available due to the discontinuation of the Retail Theft Contributory Database

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

**A Summary Of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission: Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above:<br><br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11,<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air Carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street SW<br>Washington, DC 20423 |

| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
|---|---|
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third Street, SW, 8th Floor Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission, 100 F Street NE, Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration 1501 Farm Credit Drive, McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission, Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |

## A SUMMARY OF YOUR RIGHTS UNDER THE
## STATE OF WASHINGTON FAIR CREDIT REPORTING ACT

The Washington Fair Credit Reporting Act, located at Chapter 19.182 RCW, substantially parallels the federal Fair Credit Reporting Act and the rights and remedies set forth in the Consumer Financial Protection Bureau's Summary of Rights, except that effective July 22, 2007, the Washington State law imposes greater limitations on the reasons for which an employer may obtain a consumer report. Beginning July 22, 2007, an employer may not obtain a consumer report that indicates the consumer's credit worthiness, credit standing, or credit capacity, unless (1) the information is substantially job related and the employer's reasons for using the information are disclosed in writing, or (2) the information is required by law.

### For Washington Residents:

Under the Fair Credit Reporting Act (FCRA), all consumers are entitled to one free annual file disclosure in any twelve month period. You may be charged a reasonable fee, not exceeding eight dollars, for each additional disclosure within any 12-month period.

However, there is no fee if (1) you have been notified of an adverse action taken towards you based upon information appearing in your consumer file within the preceding 60 days, (2) you suspect that your file may contain fraud or you have been the victim of identity theft, or (3) you are unemployed or are currently receiving financial assistance.

A person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to you if you are not an employee at the time the report is procured or caused to be procured unless:

- A clear and conspicuous disclosure has been made in writing to you before the report is procured or caused to be procured that a consumer report may be obtained for purposes of considering the consumer for employment. The disclosure may be contained in a written statement contained in employment application materials; or
- You authorize the procurement of the report.

A person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any employee unless the employee has received, at any time

after the person became an employee, written notice that consumer report may be used for employment purposes. A written statement that consumer reports may be used for employment purposes that is contained in employee guidelines or manuals available to employees or included in written materials provided to employees constitutes written notice. This rule does not apply with respect to a consumer report of an employee who the employer has reasonable cause to believe has engaged in specific activity that constitutes a violation of law.

In using a consumer report for employment purposes, before taking any adverse action based in whole or part on the report, a person shall provide you:

- The name, address, and telephone number of the consumer reporting agency providing the report;
- A description of your rights under this chapter pertaining to consumer reports obtained for employment purposes; and
- A reasonable opportunity to respond to any information in the report that is disputed by the consumer.

A consumer reporting agency may provide a user a consumer report in connection with a credit transaction that is not initiated by you only if you authorized the consumer reporting agency to provide the report to such a person, or you have not elected to have your name and address excluded from such transactions.

In connection with a credit transaction that is not initiated by you, a consumer reporting agency may only provide your name and address and information that is not identified or identifiable with your particular accounts or transactions.

You may elect to have your name and address excluded from any list provided by a consumer reporting agency through prescreening, or from any list provided by a consumer reporting agency for direct solicitation transactions that are not initiated by you by notifying the consumer reporting agency. The notice must be made in writing through the notification system maintained by the consumer reporting agency and must state that you do not consent to any use of consumer reports relating to you in connection with any transaction that is not initiated by you.

An election to have your information excluded is effective with respect to a consumer reporting agency and any affiliate of the consumer reporting agency, within five business days after the consumer reporting agency receives your notice.

A consumer reporting agency that provides information intended to be used in a prescreened credit transaction or direct solicitation transaction that is not initiated by you shall maintain a notification system that facilitates your ability to notify the agency to promptly withdraw your name from lists compiled for prescreened credit transactions and direct solicitation transactions not initiated by you, and shall publish, at least annually, in a publication of general circulation in the area served by the agency, the address for consumers to use to notify the agency of the consumer's election to exclude information.

A consumer reporting agency that maintains consumer reports on a nation-wide basis shall establish a system meeting these requirements on a nation-wide basis, and may operate such a system jointly with any other consumer reporting agencies. Compliance with the requirements of this section by any consumer reporting agency constitutes compliance by the agency's affiliates.

A consumer reporting agency shall, upon your request, clearly and accurately disclose all information in your file, except that medical information may be withheld. The agency shall inform you of the existence of medical information, and you have the right to have that information disclosed to the health care provider of your choice. Nothing in this chapter prevents, or authorizes a consumer reporting agency to prevent, the health care provider from disclosing the medical information to you. The agency shall inform you of the right to disclosure of medical information at the time you request disclosure of your file.

If a person takes an adverse action against you based in whole or part on the information contained in a consumer report, the person shall provide written notice of the adverse action to you, except verbal notice may be given by a person in an adverse action involving a business regulated by the Washington utilities and transportation commission or involving an application for the rental or leasing of residential real estate if such verbal notice does not impair your ability to obtain a credit report without charge under RCW 19.182.100(2). The person taking adverse action must also provide you with the name, address, and telephone number of any other consumer reporting agency that furnished the report.

A consumer reporting agency shall, upon your request, clearly and accurately disclose:

- All information in your file at the time of request, except that medical information may be withheld. The agency shall inform you of the existence of medical information, and you have the right to have that information disclosed to the health care provider of your choice. Nothing in this chapter prevents, or authorizes a consumer reporting agency to prevent, the health care provider from disclosing the medical information to you. You have the right to disclosure of medical information at the time you request disclosure of your file.
- All items of information in its files on you, including disclosure of the sources of the information, except that sources of information acquired solely for use in an investigative report may only be disclosed to a plaintiff under appropriate discovery procedures.
- Identification of each person who for employment purposes within the two-year period before the request, and each person who for any other purpose within the six-month period before the request, procured a consumer report.
- A record identifying all inquiries received by the agency in the six-month period before the request that identified the you in connection with a credit transaction not initiated by you.
- An identification of a person under the rules above must include the name of the person or, if applicable, the trade name under which the person conducts business, and upon your request, the address of the person.

Consumer reporting agencies that provide toll-free telephone numbers must also provide adequately trained personnel to answer basic inquiries from consumers using the toll-free numbers.

If the completeness or accuracy of an item of information contained in your file at a consumer reporting agency is disputed by you and you notify the agency directly of the dispute, the agency shall reinvestigate without charge and record the current status of the disputed information before the end of thirty business days, beginning on the date the agency receives the notice.

Before the end of the five business-day period beginning on the date a consumer reporting agency receives notice of a dispute, the agency shall notify any person who provided an item of information in dispute.

Notwithstanding the right to dispute information a consumer reporting agency may terminate a reinvestigation of information disputed by you if the agency determines that the dispute is frivolous or irrelevant, including by reason of a failure to provide sufficient information.

Upon making a determination in accordance that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify you within five business days of the determination. The notice shall be made in writing or any other means authorized by you that are available to the agency, but the notice shall include the reasons for the determination and a notice of your rights.

In conducting a reinvestigation with respect to disputed information in your file, the consumer reporting agency shall review and consider all relevant information submitted by you in the period described with respect to the disputed information.

If, after a reinvestigation the information is found to be inaccurate or cannot be verified, the consumer reporting agency shall promptly delete the information from the consumer's file. If information is deleted the information may not be reinserted unless the person who furnishes the information verifies that the information is complete and accurate.

If information that has been deleted from a consumer's file is reinserted in the file the consumer reporting agency shall notify you of the reinsertion within thirty business days. The notice shall be in writing or any other means authorized by you that are available to the agency.

If the reinvestigation does not resolve the dispute or if the consumer reporting agency determines the dispute is frivolous or irrelevant, you may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit these statements to not more than one hundred words if it provides you with assistance in writing a clear summary of the dispute.

After the deletion of information from your file under this section or after the filing of a statement of dispute the consumer reporting agency shall, at your request, furnish notification that the item of information has been deleted or that item of information is disputed. In the case of disputed information, the notification shall include the statement filed by you setting forth the nature of the dispute. The notification shall be furnished to any person specifically designated by you, who has, within two years before the deletion or filing of a dispute, received a consumer report concerning you for employment purposes, or who has, within six months of the deletion or the filing of the dispute, received a consumer report concerning you for any other purpose, if these consumer reports contained the deleted or disputed information.

Upon completion of the reinvestigation under this section, a consumer reporting agency shall provide notice, in writing or by any other means authorized by you, of the results of a reinvestigation within five business days.

The notice required must include:

- A statement that the reinvestigation is completed;
- A consumer report that is based upon the your file as that file is revised as a result of the reinvestigation;
- A description or indication of any changes made in the consumer report as a result of those revisions to your file;

- Upon your request, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to you by the agency, including the name, business address, and telephone number of any person contacted in connection with the information;
- If the reinvestigation does not resolve the dispute, a summary of your right to file a brief statement as provided above section; and
- If information is deleted or disputed after reinvestigation, a summary of your right to request notification to persons who have received a consumer report as provided above;

In the case of a consumer reporting agency that compiles and maintains consumer reports on a nation-wide basis, the consumer reporting agency must provide to you if you have undertaken to dispute the information contained in your file, a toll-free telephone number that you can use to communicate with the agency. A consumer reporting agency that provides a toll-free number required by this subsection shall also provide adequately trained personnel to answer basic inquiries from consumers using the toll-free number.

Except as authorized no consumer reporting agency may make a consumer report containing any of the following items of information:

- Bankruptcies that, from date of adjudication of the most recent bankruptcy, antedate the report by more than ten years;
- Suits and judgments that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period;
- Paid tax liens that, from date of payment, antedate the report by more than seven years;
- Accounts placed for collection or charged to profit and loss that antedate the report by more than seven years;
- Records of arrest, indictment, or conviction of crime that, from date of disposition, release, or parole, antedate the report by more than seven years;
- Any other adverse item of information that antedates the report by more than seven years.

This section is not applicable in the case of a consumer report to be used in connection with:

- A credit transaction involving, or that may reasonably be expected to involve, a principal amount of fifty thousand dollars or more
- The underwriting of life insurance involving, or that may reasonably be expected to involve, a face amount of fifty thousand dollars or more; or
- The employment of an individual at an annual salary that equals, or that may reasonably be expected to equal, twenty thousand dollars or more.

You have a right to bring civil action against anyone who willfully or negligently fails to comply with any requirement imposed under the subtitle of Washington state law outlined above.

If you believe a law regulating consumer credit reporting has been violated, you may file a complaint with the Washington State Attorney General's Office, 1125 WASHINGTON ST SE yyyyyy PO BOX 40100, OLYMPIA WA 98504-0100,

Telephone Number: 360-753-6200

**CONSUMER PROTECTION DIVISION:** The Consumer Resource Center Statewide Toll-Free Number: 800-551-9883. Complaints may be made Via U.S. Mail or E-Mail at: http://www.atg.wa.gov/FileAComplaint.aspx (Include your U.S. Mail address with any complaint.)

If you wish to contact First Advantage please call: 800-321-4473.

# EXHIBIT B

 **First Advantage**
A Symphony Technology Group Company

Matthew Dedering
Puyallup WA

We received your request to obtain a copy of the Employment Verification Report that was requested by a potential employer or volunteer organization. We have reviewed our records and found results matching the identification information you provided. A copy of the reported information has been enclosed for your records.

If you believe any of the information on your report is incorrect or incomplete and you wish to file a dispute, please contact us by phone, fax, or mail.

**First Advantage Consumer Center
P.O. Box 105292
Atlanta, GA 30348-5292
Toll free phone: 1-800-845-6004
Fax: 678-694-2844**

First Advantage provides Employment Verification Reports to employers that have a job applicant's or an employee's consent. Employers work with a variety of companies to obtain employment verification information. Our files would only contain information on you if First Advantage provided your Employment Verification Report to an employer or volunteer organization.

To learn more about First Advantage background reports and other First Advantage consumer services, please visit our consumer web site *http://www.fadv.com/solutions/solutions/consumer-solutions*.

Thank you for giving us the opportunity to assist you.

First Advantage Consumer Center


NOTE: Phone calls to our Consumer Center may be monitored for quality assurance.

## Employee Report

*Please note that the employment report you are viewing contains information provided by a Professional Employer Service Company that manages the payroll, human resources, and other administrative duties through co-employment with worksite employers. Employer and location details are based on Alphastaff information and not worksite employers'.*

| | |
|---|---|
| **Employee Name:** | MATTHEW DEDERING |
| **Report Tracking Number:** | 493576 |
| **Date Report Updated:** | 3/26/2015 |
| **Information Updated as of:** | 11/28/2010 |

### Corporate Office Detail

| | |
|---|---|
| **Employer Name:** | Alphastaff Systems V. Inc. |
| **Employer Street Address:** | 800 Corporate Drive Suite 600 |
| **City, State, Zip:** | Fort Lauderdale, FL 33334 |
| **Division:** | |
| **Are Medical Benefits Available:** | Yes |
| **Fein:** | 651141336 |

### General Employee Information:

| | |
|---|---|
| **Employee Street Address:** | |
| **City, State, Zip:** | SPANAWAY, WA |
| **Eligible for Medical:** | Yes |
| **Employee Accepts Benefits:** | No |
| **Enrollment Type:** | Information Not Available |
| **Employment Classification:** | Full Time |
| **Employment Status:** | Terminated |
| **Job Title:** | WA LEAD SALES REP |
| **Original Hire Date:** | 7/13/2010 |
| **Original Separation Date:** | 11/19/2010 |
| **Current Hire Date:** | 7/13/2010 |
| **Current Separation Date:** | 11/19/2010 |
| **Employee Length of Service:** | |

### Employee Payroll Information:

| | | |
|---|---|---|
| **Base Pay:** $20,800.00 | **Base Pay Unit of Measure:** Annually | **Pay Frequency:** Bi-Weekly |
| **Avg. Hours/Period:** 0.00 | **Last Pay Increase:** 10/23/2010 | **Amount of Increase/Decrease:** $2,080.00 |
| **YTD Earnings:** $0.00 | **2014 YTD Earnings:** $0.00 | **2013 YTD Earnings:** $0.00 |

### YTD Details

| | 2010 | 2009 | 2008 |
|---|---|---|---|
| **Regular YTD** | $8,788.80 | $0.00 | $0.00 |
| **Overtime YTD** | $0.00 | $0.00 | $0.00 |
| **Bonus YTD** | $0.00 | $0.00 | $0.00 |
| **Commision YTD** | $0.00 | $0.00 | $0.00 |
| **Incentive YTD** | $0.00 | $0.00 | $0.00 |
| **Other YTD** | $0.00 | $0.00 | $0.00 |
| **Gross Pay** | $8,788.80 | $0.00 | $0.00 |

## 12 Month Revolving Pay History

| Nov | Oct | Sep | Aug | July | Jun | May | Apr | Mar | Feb | Jan | Dec |
|-----|-----|-----|-----|------|-----|-----|-----|-----|-----|-----|-----|
| $1,491.60 | $2,004.46 | $2,139.01 | $1,905.51 | $1,289.92 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

## Detailed Employee Payroll Information (Per Period by Year)

| Payroll Period End Date | HOURS | GROSS PAY | REGULAR PAY | OVERTIME | BONUS | COMMISSION | INCENTIVE | OTHER |
|---|---|---|---|---|---|---|---|---|
| 11/19/2010 | 64.31 | $734.33 | $734.33 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/5/2010 | 79.73 | $717.57 | $717.57 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/22/2010 | 78.69 | $799.51 | $799.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/8/2010 | 77.55 | $1,207.95 | $1,207.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/24/2010 | 79.04 | $1,187.86 | $1,187.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/10/2010 | 79.85 | $950.15 | $950.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/27/2010 | 76.09 | $702.81 | $702.81 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/13/2010 | 76.80 | $1,202.70 | $1,202.70 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/30/2010 | 79.11 | $968.99 | $968.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 7/16/2010 | 35.77 | $321.93 | $321.93 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

 **First Advantage**

If your consumer is a California resident, the following notice is provided as required under California law:

IMPORTANT NOTICE UNDER CALIFORNIA LAW

**First Advantage does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. In California, First Advantage shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.**

**Frist Advantage no garantiza la exactitud o veracidad de la informacisn en cuanto al objeto de la investigacisn, sino que solamente copia la informacisn de los archivos pzblicos con exactitud. La informacisn generada a ramz del robo de identidad, incluyendo evidencia de actividad criminal, puede ser incorrectamente asociada con el consumidor objeto de este informe. El cliente esta de acuerdo y certifica que al ordenar y usar este informe esta en estricto cumplimiento de cualesquiera leyes o regulaciones locales, estatales y federales que sean aplicables.**

Report For:                                                        Date Ordered: 03/25/15
Dedering, Matthew                                                  Last Updated: 03/25/15
SSN ▮▮▮▮▮▮▮       Billing reference: lyncch01
                           Puyallup Washington  ▮▮▮▮▮

First_Advantage National Criminal File Plus Search – <u>2 matches</u>

| SSN VALIDATION |
|---|

SSN ▮▮▮▮▮ was VALIDLY ISSUED
between XXXX and 1984
in WA

| DEVELOPED NAMES AND ADDRESSES |
|---|

2 additional names and addresses were found.   Click <u>here</u> to view the report.

| FIRST_ADVANTAGE NATIONAL CRIMINAL FILE PLUS SEARCH |
|---|

Name:                    DEDERING, MATTHEW
Date Of Birth:           ████████XXXX
SSN:
Source:                  PROM - WA - PIERCE SUPERIOR COURT
State:                   WA
County:                  PIERCE
Case Number:             988013629
Case Type:               Felony
Offense:                 Possession of Stolen Property 1st Felony
Offense Date:
Sentence:                Probation    6 months
Disposition:             Guilty
Disposition Date:        08/26/2008
Current As Of:           09/05/2013
Notice:                  Record must be updated at source
Name:                    DEDERING, MATTHEW
Date Of Birth:           ████████XXXX
SSN:
Source:                  PROM - WA - PIERCE SUPERIOR COURT
State:                   WA
County:                  PIERCE
Case Number:             988015141
Case Type:               Felony
Offense:                 Burglary 2nd Felony
Offense Date:
Sentence:                Restitution    1100
                         Probation    3 months
                         Community Service    20 hours
Disposition:             Guilty
Disposition Date:        08/26/2008
Current As Of:           09/05/2013
Notice:                  Record must be updated at source

---

The records contained in this report are compiled from databases that are only updated infrequently and, therefore, may not have the most current information. This report is not intended to recommend, or not recommend, any individual. The records may or may not have sufficient information to establish the exact identity of an individual therefore, the information is provided merely as an indication of information that should be verified prior to making a decision. Your decision regarding the individual should not be based on information that is not up to date or that has not been verified or solely on the results of this or any similar report. First Advantage does not guarantee, warrant or assume any responsibility for the accuracy of the information obtained from other sources and shall not be liable for any losses or injuries now or in the future resulting from or relating to the information provided herein.

---

END OF REPORT FOR:

Dedering, Matthew

         *** All fully displayed personal identifiable information is customer-provided ***


*Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.*

**A Summary of Your Rights Under the Fair Credit Reporting Act**

<>

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

**In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.**

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- Access to your file is limited. A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- You must give your consent for reports to be provided to employers. A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- You may limit "prescreened" offers of credit and insurance you get based on information in your credit report. Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- You may seek damages from violators. If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- Identity theft victims and active duty military personnel have additional rights. For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | a. Consumer Financial Protection Bureau 1700 G Street NW Washington, DC 20552 |
| b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | b. Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |
| 2. To the extent not included in item 1 above: | a. Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050 |
| a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks | |
| b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act. | b. Federal Reserve Consumer Help Center P.O. Box 1200 Minneapolis, MN 55480 |
| c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | c. FDIC Consumer Response Center 1100 Walnut Street, Box #11 Kansas City, MO 64106 |
| d. Federal Credit Unions | d. National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO) 1775 Duke Street Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings Aviation Consumer Protection Division Department of Transportation 1200 New Jersey Avenue, S.E. Washington, DC 20590 |

| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street SW<br>Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or<br>Federal Trade Commission: Consumer Response Center – FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

## A SUMMARY OF YOUR RIGHTS
## UNDER THE STATE OF WASHINGTON FAIR CREDIT REPORTING ACT

The State of Washington Fair Credit Reporting Act (WFCRA) is designed to promote accuracy, fairness, consumer confidentiality and the proper use of consumer report data by each consumer reporting agency ("CRA") in accordance with the requirements of the WFCRA.

The WFCRA is modeled after the Federal Fair Credit Reporting Act. The same rights are provided under the Federal Fair Credit Reporting Act and you have received A Summary of Your Rights Under the Federal Fair Credit Reporting Act. You can find the complete text of the WFCRA RCW 19.182 from the Washington Code Revisors Office, P.O. Box 40511, Olympia, WA, 98504.

For questions or concerns regarding the WFCRA, please contact:

    Attorney General of the State of Washington<br>
    1125 Washington Street S.E.<br>
    P.O. Box 40100<br>
    Olympia, WA 98504-0100<br>
    Phone: 360-753-6200

Form ### – 04-03



**Report For:** Dedering, Matthew

**The following information is provided for informational purposes only and is merely an indication of information that should be verified prior to making an employment decision. Your employment decision should not be based solely on the results of this or any similar report but rather should be based on additional research and consultation with the subject of this consumer report. The names and addresses provided are a representation of information that has been associated with the Social Security number provided by the subject of this consumer report.**

| DEVELOPED NAMES AND ADDRESSES |
|---|

Name:          DEDERING, MATTHEW I
Name:          DEDERING, MATT
Address:                           BONNEY LAKE, WA,
Address:                       MILTON, WA,
Address:                           BONNEY LAKE, WA,
Address:                       PUYALLUP, WA,
Address:                           SPANAWAY, WA,
Address:                       PUYALLUP, WA
Address:                   BONNEY LAKE, WA,

# EXHIBIT C

MATTHEW DEDERING

# Background Report

*Confidential*

## MATT DEDERING

████████████

## CID - █████████

## SIMMONS COMPANY
## 425 C STREET NW
## AUBURN, WA 98002

**Caution to Customer:** Under the terms of our service agreement, this report is submitted with the understanding that it is to be held in strict confidence and to be used Only for the purpose indicated in the Customer's agreement for service, i.e. to determine eligibility for Employment / Volunteer / Government benefits / etc. If the Client Representative intends to take adverse action based in whole or in part on the contents of this report, the Customer Representative must provide the consumer with a copy of the report and a summary of consumer rights as prescribed by FCRA section 1681g(c)(3). First Advantage has provided your company with copies of the consumer rights statements for this purpose. In addition, remember the pre- and post-notification requirements and Consumer authorization prescribed by FCRA section 1681b and section 1681m.

| If you are a First Advantage Consumer | Please contact the First Advantage Consumer Center at:<br>**1-800-845-6004** Toll Free (within the U.S.)<br>**+1 678-694-2530** Toll Number (outside the U.S.) |
|---|---|
| First Advantage Customers | Please contact the ATLANTA EMPLOYMENT SERVICE CENTER at:<br>**(800)888-5773** (outside North America +1-770-569-3001) |

 **First Advantage**
A Qeniparty technology brand Company

Enterprise Advantage



**General Consumer Information**

**Consumer's Name** MATT DEDERING                    MATT DEDERING

**Client Name** SIMMONS COMPANY

**The following consumer information was used in the production of this report:**
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

**SSN** ████████████                    **Address** ████████████
                                         PUYALLUP, WA ████

**Date of Birth** ███XXXX

**Other Names**

Not Provided

**Information Regarding this Order:**
**Position Applied For** MATT PREUP                    **Date Ordered** Jul 06, 2007 03:54:35 PM

**Background Check** Jul 20, 2007 01:49:25 PM          **Report Last Updated on** Jul 20, 2007 01:49:25 PM

**Completion Date**

**Date Report Printed** Mar 25, 2015 05:46:41 PM

All timestamps represent Eastern Time

**Background Report Summary**

**Score Result**

**Package Name** BASIC PKG - EDUCATION

| Package Searches Ordered | Status | Review | Score |
|---|---|---|---|
| Social Security Verification | Complete | No | |
| Social Security Verification | Complete | No | |
| First Advantage National Criminal File | Complete | Yes* | |
| First Advantage National Criminal File PUYALLUP, PIERCE, WA | Complete | Yes* | |
| Statewide Criminal | Complete | Yes* | |
| Statewide Criminal PUYALLUP, PIERCE, WA | Complete | Yes* | |

**Additional Searches Ordered**

NONE

\* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

\*\* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

\*\*\* This product has been blocked from delivery due to compliance related restrictions.

**Social Security Number Validation**

**Note**

The Social Security Number Validation is a process where the SSN is confirmed as being issued by the Social Security Administration. The Social Security Number Validation also confirms that the SSN does not belong to a deceased individual.

**Valid SSN?** Yes                      **State Issued** WASHINGTON

**Date Issued** BETWEEN XXXX-1984         **Reported Deceased?** No

**Disclaimer**

The results of the Social Security Number Validation do not provide a verification that the Social Security Number belongs to the Consumer of this report.

**Social Security Verification**                                        **Status: Complete**

The Social Security Number Verification (SSNV) matches the given SSN against consumer credit files contained in the databases of nationwide credit reporting agencies. The credit bureaus' consumer credit files contain information provided by companies with which the consumer has had financial dealings and/or public record information collected by the bureaus from the courts. The SSNV does not verify that the Social Security Administration issued a specific SSN to a consumer.

**Customer Provided Information**

SSN ████████        DOB █XXXX

**SSN State Issued** WA                  **SSN Year Issued** XXXX

| | | | | |
|---|---|---|---|---|
| SSN SafeScan | SEE REMARKS | | SSN | ████ |
| SSN State Issued | WA | | SSN Year Issued | XXXX |
| SSN SafeScan | SEE REMARKS | | SSN | ████ |
| SSN State Issued | WA | | SSN Year Issued | XXXX |
| SSN SafeScan | SEE REMARKS | | SSN | ████ |
| Name Type | Report Subject | | Name | DEDERING, MATTHEW INA |
| Name Type | Report Subject | | Name | DEDERING, MARTHA I |
| Addr Type | Residence Address | | | First Date  Last |
| Address | ████ | | | |
| | SUMNER, WA ███ | | | |
| Addr Type | Residence Address | | | First Date  Last |
| Address | ████ | | | |
| | MILTON, WA ███ | | | |

**Remark**

A SOCIAL SECURITY NUMBER VERIFICATION SEARCH HAS BEEN COMPLETED AND NO DISCREPANCIES WERE FOUND.

**Order Process History**

| Date | Description |
|---|---|
| 07/06/2007 03:54:35 PM | Search In Progress. Expected Results by 07/06/2007 03:54:35 PM |
| 07/06/2007 03:54:35 PM | Record Judged. Expected Results by 07/06/2007 03:54:35 PM |

---

**First Advantage National Criminal File PUYALLUP, PIERCE, WA**      **Status: Complete**

| | |
|---|---|
| Record Source | DATABASE SEARCH (XDB) - WASHINGTON STATE DISTRICT AND MUNICIPAL COURT |
| Search Results | Record Found |
| Search Type | First Advantage National Criminal File Search |
| Type of Search | First Advantage National Criminal File |
| Date of Search | 07/06/2007 |
| Address Covered | ████ |
| Address City Covered | PUYALLUP |
| Address County Covered | PIERCE |
| Address State Covered | WA |
| Address Zip | ████ |
| Location | PUYALLUP POLICE DEPARTMENT, WASHINGTON PUYALLUP POLICE DEPARTMENT COUNTY |
| Given Name Searched | MATT DEDERING |

*Full matched by the following identifiers: Name, DOB*

| | |
|---|---|
| **Case Reference #** | C00050190PUYCT2479 |
| **Case Date** | 04/26/2005 |
| **DoB on File** | ▉▉XXXX |
| **Charge** | DUI |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Date** | 11/08/2005 |
| **Sentence** | FINED - 5000 SUSPENDED AMOUNT - 4650 OTHER - JAIL SENTENCE - 365 DAY(S) SUSPENDED JAIL TIME - 364 DAY(S) |
| **Record Source** | DATABASE SEARCH (XDB) - WASHINGTON STATE DISTRICT AND MUNICIPAL COURT |
| **Search Results** | Record Found |

| | |
|---|---|
| **Search Type** | First Advantage National Criminal File Search |
| **Type of Search** | First Advantage National Criminal File |
| **Date of Search** | 07/06/2007 |
| **Address Covered** | ▉▉▉▉ |
| **Address City Covered** | PUYALLUP |
| **Address County Covered** | PIERCE |
| **Address State Covered** | WA |
| **Address Zip** | ▉▉▉ |
| **Location** | BONNEY LAKE POLICE DEPARTMENT, WASHINGTON BONNEY LAKE POLICE DEPARTMENT COUNTY |
| **Given Name Searched** | MATT DEDERING |

*Full matched by the following identifiers: Name, DOB*

| | |
|---|---|
| **Case Reference #** | C00034995BYPCN5474 |
| **Case Date** | 08/15/2003 |
| **DoB on File** | ▉▉XXXX |
| **Charge** | MINOR IN POSSESSION |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | GUILTY |
| **Date** | 10/15/2003 |
| **Sentence** | FINED - 1000 OTHER - JAIL SENTENCE - 30 DAY(S) SUSPENDED JAIL TIME - 30 DAY(S) |

**Order Process History**

| Date | Description |
|---|---|
| 07/06/2007 03:54:36 PM | Record Ordered. Expected Results by 07/06/2007 03:54:36 PM |

| 07/06/2007 03:55:18 PM | Search In Progress. Expected Results by 07/06/2007 03:55:18 PM |
|---|---|
| 07/09/2007 03:36:51 PM | Research Required - First Advantage Research In Progress - Delay Possible - Expected Results by 07/09/2007 03:36:51 PM |
| 07/20/2007 01:49:18 PM | Record Judged. Expected Results by 07/20/2007 01:49:18 PM |

## Statewide Criminal PUYALLUP PIERCE WA                                    Status: Complete

| | |
|---|---|
| **Record Source** | WASHINGTON STATE PATROL |
| **Search Results** | Record Found |
| **Search Type** | WASHINGTON STATE POLICE SEARCH |
| **Type of Search** | Statewide Criminal |
| **Date of Search** | 07/09/2007 |
| **Search Period** | 07/07/2000 - 06/22/2007 |
| **Address Covered** | ███████████ |
| **Address City Covered** | PUYALLUP |
| **Address County Covered** | PIERCE |
| **Address State Covered** | WA |
| **Address Zip** | █████ |
| **Location** | 321 CLEVELAND AVENUE #A OLYMPIA THURSTON COUNTY |
| **Given Name Searched** | MATT DEDERING |
| **Comments** | PLEASE NOTE NAME. THIS MAY OR MAY NOT BE YOUR SUBJECT. |

*Full matched by the following identifiers: DOB*

| | |
|---|---|
| **Case Reference #** | C00050190 |
| **Case Date** | 06/20/2005 |
| **DoB on File** | ████XXXX |
| **Charge** | DRIVING UNDER THE INFLUENCE |
| **Charge Type** | GROSS MISDEMEANOR |
| **Disposition** | GUILTY |
| **Date** | 11/08/2005 |
| **Sentence** | JAIL 365 DAYS, SUSPENDED-364 DAYS; FINE AND COURT COSTS $5000.00 SUSPENDED-$4650.00 |

*Full matched by the following identifiers: DOB*

| | |
|---|---|
| **Case Reference #** | 031002452 |
| **Case Date** | 07/22/2003 |
| **DoB on File** | ████XXXX |

| Charge | DRIVING WHILE LICENSE SUSPENDED |
|---|---|
| Charge Type | MISDEMEANOR |
| Disposition | GUILTY |
| Date | 09/05/2003 |
| Sentence | JAIL 2 DAYS |

**Source Status History**

| Status Date | Description |
|---|---|
| 07/06/2007 4:13:11 PM | Search In Progress Expected completion by 07/10/2007 |

**Remark:**

THIS SEARCH ALSO COVERS: 1104 9TH AVE, MILTON, PIERCE COUNTY, WA; 1501 WOOD AVE, SUMNER, PIERCE COUNTY, WA;

**Order Process History**

| Date | Description |
|---|---|
| 07/06/2007 03:54:35 PM | Search In Progress Expected Results by 07/06/2007 03:54:35 PM |
| 07/06/2007 04:13:11 PM | Search In Progress Expected Results by 07/06/2007 04:13:11 PM |
| 07/09/2007 05:14:49 PM | Search In Progress Expected Results by 07/09/2007 05:14:49 PM |
| 07/12/2007 05:43:41 AM | Record Judged Expected Results by 07/12/2007 05:43:41 AM |

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

## A Summary Of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;

- you are on public assistance;
- you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission: Consumer Response Center – FCRA<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above:<br><br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions. | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street SW<br>Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center – FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

## A SUMMARY OF YOUR RIGHTS UNDER THE
## STATE OF WASHINGTON FAIR CREDIT REPORTING ACT

The Washington Fair Credit Reporting Act, located at Chapter 19.182 RCW, substantially parallels the federal Fair Credit Reporting Act and the rights and remedies set forth in the Consumer Financial Protection Bureau's Summary of Rights, except that, effective July 22, 2007, the

Washington State law imposes greater limitations on the reasons for which an employer may obtain a consumer report. Beginning July 22, 2007, an employer may not obtain a consumer report that indicates the consumer's credit worthiness, credit standing, or credit capacity, unless (1) the information is substantially job related and the employer's reasons for using the information are disclosed in writing; or (2) the information is required by law.

**For Washington Residents:**

Under the Fair Credit Reporting Act (FCRA), all consumers are entitled to one free annual file disclosure in any twelve month period. You may be charged a reasonable fee, not exceeding eight dollars, for each additional disclosure within any 12-month period.

However, there is no fee if (1) you have been notified of an adverse action taken towards you based upon information appearing in your consumer file within the preceding 60 days, (2) you suspect that your file may contain fraud or you have been the victim of identity theft, or (3) you are unemployed or are currently receiving financial assistance.

A person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to you if you are not an employee at the time the report is procured or caused to be procured unless:

- A clear and conspicuous disclosure has been made in writing to you before the report is procured or caused to be procured that a consumer report may be obtained for purposes of considering the consumer for employment. The disclosure may be contained in a written statement contained in employment application materials; or
- You authorize the procurement of the report.

A person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any employee unless the employee has received, at any time after the person became an employee, written notice that consumer report may be used for employment purposes. A written statement that consumer reports may be used for employment purposes that is contained in employee guidelines or manuals available to employees or included in written materials provided to employees constitutes written notice. This rule does not apply with respect to a consumer report of an employee who the employer has reasonable cause to believe has engaged in specific activity that constitutes a violation of law.

In using a consumer report for employment purposes, before taking any adverse action based in whole or part on the report, a person shall provide you:

- The name, address, and telephone number of the consumer reporting agency providing the report;
- A description of your rights under this chapter pertaining to consumer reports obtained for employment purposes; and
- A reasonable opportunity to respond to any information in the report that is disputed by the consumer.

A consumer reporting agency may provide a user a consumer report in connection with a credit transaction that is not initiated by you only if you authorized the consumer reporting agency to

provide the report to such a person, or you have not elected to have your name and address excluded from such transactions.

In connection with a credit transaction that is not initiated by you, a consumer reporting agency may only provide your name and address and information that is not identified or identifiable with your particular accounts or transactions.

You may elect to have your name and address excluded from any list provided by a consumer reporting agency through prescreening, or from any list provided by a consumer reporting agency for direct solicitation transactions that are not initiated by you by notifying the consumer reporting agency. The notice must be made in writing through the notification system maintained by the consumer reporting agency and must state that you do not consent to any use of consumer reports relating to you in connection with any transaction that is not initiated by you.

An election to have your information excluded is effective with respect to a consumer reporting agency and any affiliate of the consumer reporting agency, within five business days after the consumer reporting agency receives your notice.

A consumer reporting agency that provides information intended to be used in a prescreened credit transaction or direct solicitation transaction that is not initiated by you shall maintain a notification system that facilitates your ability to notify the agency to promptly withdraw your name from lists compiled for prescreened credit transactions and direct solicitation transactions not initiated by you, and shall publish, at least annually, in a publication of general circulation in the area served by the agency, the address for consumers to use to notify the agency of the consumer's election to exclude information.

A consumer reporting agency that maintains consumer reports on a nation-wide basis shall establish a system meeting these requirements on a nation-wide basis, and may operate such a system jointly with any other consumer reporting agencies. Compliance with the requirements of this section by any consumer reporting agency constitutes compliance by the agency's affiliates.

A consumer reporting agency shall, upon your request, clearly and accurately disclose all information in your file, except that medical information may be withheld. The agency shall inform you of the existence of medical information, and you have the right to have that information disclosed to the health care provider of your choice. Nothing in this chapter prevents, or authorizes a consumer reporting agency to prevent, the health care provider from disclosing the medical information to you. The agency shall inform you of the right to disclosure of medical information at the time you request disclosure of your file.

If a person takes an adverse action against you based in whole or part on the information contained in a consumer report, the person shall provide written notice of the adverse action to you, except verbal notice may be given by a person in an adverse action involving a business regulated by the Washington utilities and transportation commission or involving an application for the rental or leasing of residential real estate if such verbal notice does not impair your ability to obtain a credit report without charge under RCW 19.182.100(2). The person taking adverse action must also provide you with the name, address, and telephone number of any other consumer reporting agency that furnished the report.

A consumer reporting agency shall, upon your request, clearly and accurately disclose:

- All information in your file at the time of request, except that medical information may be withheld. The agency shall inform you of the existence of medical information, and you have the right to have that information disclosed to the health care provider of your choice. Nothing in this chapter prevents, or authorizes a consumer reporting agency to prevent the health care provider from disclosing the medical information to you. You have the right to disclosure of medical information at the time you request disclosure of your file.
- All items of information in its files on you, including disclosure of the sources of the information, except that sources of information acquired solely for use in an investigative report may only be disclosed to a plaintiff, under appropriate discovery procedures.
- Identification of each person who for employment purposes within the two-year period before the request, and each person who for any other purpose within the six-month period before the request, procured a consumer report.
- A record identifying all inquiries received by the agency in the six-month period before the request that identified the you in connection with a credit transaction not initiated by you.
- An identification of a person under the rules above must include the name of the person or, if applicable, the trade name under which the person conducts business, and upon your request, the address of the person.

Consumer reporting agencies that provide toll-free telephone numbers must also provide adequately trained personnel to answer basic inquiries from consumers using the toll-free numbers.

If the completeness or accuracy of an item of information contained in your file at a consumer reporting agency is disputed by you and you notify the agency directly of the dispute, the agency shall reinvestigate without charge and record the current status of the disputed information before the end of thirty business days, beginning on the date the agency receives the notice.

Before the end of the five business-day period beginning on the date a consumer reporting agency receives notice of a dispute the agency shall notify any person who provided an item of information in dispute.

Notwithstanding the right to dispute information a consumer reporting agency may terminate a reinvestigation of information disputed by you if the agency determines that the dispute is frivolous or irrelevant, including by reason of a failure to provide sufficient information.

Upon making a determination in accordance that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify you within five business days of the determination. The notice shall be made in writing or any other means authorized by you that are available to the agency, but the notice shall include the reasons for the determination and a notice of your rights.

In conducting a reinvestigation with respect to disputed information in your file the consumer reporting agency shall review and consider all relevant information submitted by you in the period described with respect to the disputed information.

If, after a reinvestigation the information is found to be inaccurate or cannot be verified, the consumer reporting agency shall promptly delete the information from the consumer's file. If information is deleted the information may not be reinserted unless the person who furnishes the information verifies that the information is complete and accurate.

If information that has been deleted from a consumer's file is reinserted in the file the consumer reporting agency shall notify you of the reinsertion within thirty business days. The notice shall be in writing or any other means authorized by you that are available to the agency.

If the reinvestigation does not resolve the dispute or if the consumer reporting agency determines the dispute is frivolous or irrelevant, you may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit these statements to not more than one hundred words if it provides you with assistance in writing a clear summary of the dispute.

After the deletion of information from your file under this section or after the filing of a statement of dispute the consumer reporting agency shall, at your request, furnish notification that the item of information has been deleted or that item of information is disputed. In the case of disputed information, the notification shall include the statement filed by you setting forth the nature of the dispute. The notification shall be furnished to any person specifically designated by you, who has within two years before the deletion or filing of a dispute, received a consumer report concerning you for employment purposes, or who has, within six months of the deletion or the filing of the dispute, received a consumer report concerning you for any other purpose, if these consumer reports contained the deleted or disputed information.

Upon completion of the reinvestigation under this section, a consumer reporting agency shall provide notice, in writing or by any other means authorized by you, of the results of a reinvestigation within five business days.

The notice required must include:

- A statement that the reinvestigation is completed;
- A consumer report that is based upon the your file as that file is revised as a result of the reinvestigation;
- A description or indication of any changes made in the consumer report as a result of those revisions to your file;
- Upon your request, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to you by the agency, including the name, business address, and telephone number of any person contacted in connection with the information;
- If the reinvestigation does not resolve the dispute, a summary of your right to file a brief statement as provided above section; and
- If information is deleted or disputed after reinvestigation, a summary of your right to request notification to persons who have received a consumer report as provided above.

In the case of a consumer reporting agency that compiles and maintains consumer reports on a nation-wide basis, the consumer reporting agency must provide to you, if you have undertaken to dispute the information contained in your file, a toll-free telephone number that you can use to communicate with the agency. A consumer reporting agency that provides a toll-free number required by this subsection shall also provide adequately trained personnel to answer basic inquiries from consumers using the toll-free number.

Except as authorized no consumer reporting agency may make a consumer report containing any of the following items of information:

- Bankruptcies that, from date of adjudication of the most recent bankruptcy, antedate the report by more than ten years;
- Suits and judgments that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period;

- Paid tax liens that, from date of payment, antedate the report by more than seven years;
- Accounts placed for collection or charged to profit and loss that antedate the report by more than seven years;
- Records of arrest, indictment, or conviction of crime that, from date of disposition, release, or parole, antedate the report by more than seven years;
- Any other adverse item of information that antedates the report by more than seven years.

This section is not applicable in the case of a consumer report to be used in connection with:

- A credit transaction involving, or that may reasonably be expected to involve, a principal amount of fifty thousand dollars or more.
- The underwriting of life insurance involving, or that may reasonably be expected to involve, a face amount of fifty thousand dollars or more; or
- The employment of an individual at an annual salary that equals, or that may reasonably be expected to equal, twenty thousand dollars or more.

You have a right to bring civil action against anyone who willfully or negligently fails to comply with any requirement imposed under the subtitle of Washington state law outlined above.

If you believe a law regulating consumer credit reporting has been violated, you may file a complaint with the Washington State Attorney General's Office, 1125 WASHINGTON ST SE, yyyyyy PO BOX 40100, OLYMPIA WA 98504-0100.

Telephone Number: 360-753-6200.

**CONSUMER PROTECTION DIVISION**: The Consumer Resource Center Statewide Toll-Free Number: 800-551-9883. Complaints may be made Via U.S. Mail or E-Mail at http://www.atg.wa.gov/FileAComplaint.aspx (Include your U.S. Mail address with any complaint.)

**If you wish to contact First Advantage please call: 800-321-4473.**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Matthew Dedering <br>                             Plaintiff(s), <br><br> vs. <br><br> First Advantage LNS Screening <br> Solutions, LLC <br>                        Respondent(s) | NO.   15-2-20646-0 SEA <br> ORDER SETTING CIVIL CASE SCHEDULE <br><br> ASSIGNED JUDGE: Robinson, Palmer, Dept. 41 <br><br> FILED DATE: 8/24/2015 <br> TRIAL DATE: 8/22/2016 <br> SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

              PRINT NAME                                       SIGN NAME

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2):**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 8/24/2015 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 2/1/2016 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 2/1/2016 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 2/16/2016 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)] | 3/21/2016 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(b)] | 5/2/2016 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 5/16/2016 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 5/16/2016 |
| | **DEADLINE** for Discovery Cutoff [See KCKCR 37(g)] | 7/5/2016 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 7/25/2016 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 8/1/2016 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 8/1/2016 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 8/8/2016 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 8/15/2016 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 8/15/2016 |
| | Trial Date [See KCLCR 40] | 8/22/2016 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   8/24/2015

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**   If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**   Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:**   Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**   Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES
**A. Noting of Motions**
 **Dispositive Motions:**   All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:**   These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents:  All original documents  must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing  application at www.kingcounty.gov/courts/clerk.

**Service of documents:**  E-filed  documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff,  or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department,  counsel is responsible for providing  the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING  JUDGE**