1
2
3
4
5
6
7
8

THE HONORABLE ROBERT S. LASNIK

9

UNITED STATES DISTRICT COURT

10

FOR THE WESTERN DISTRICT OF WASHINGTON

11

| | |
|---|---|
| MATTHEW DEDERING, as an individual and as a representative of the classes,<br><br>       Plaintiff,<br><br>   v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,<br><br>       Defendant. | Case No. 2:15-cv-01538<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Matthew Dedering ("Dedering" or "Plaintiff"), by and through his undersigned counsel, respectfully files this Class Action Complaint on behalf of himself and classes of similarly situated individuals.  Defendant First Advantage LNS Screening Solutions, Inc. ("First Advantage" or "Defendant") produced consumer reports on Plaintiff and the proposed classes that contained inaccurate and incomplete information.  Plaintiff bases his allegations herein upon his personal knowledge and the investigation of his counsel.

## GENERAL ALLEGATIONS

1.     One in four Americans has a criminal history, and many employers require job

1  applicants to complete a background check successfully prior to extending an offer of

2  employment.  Employers may also conduct background checks on current employees.  In

3  addition, criminal history older than seven years and juvenile criminal history are not accurate

4  predictors of an individual's likelihood to commit future crime.  Compilation and commercial

5  reporting of such criminal information is an unfair practice that undermines consumer

6  confidentiality and privacy.

7      2.  Companies that provide background check services collect information

8  concerning members of the public, such as criminal histories, into reports and offer the reports

9  for sale, including for sale to employers when the employers are conducting background checks

10 on prospective and current employees.

11     3.  Defendant provides such services.  Defendant offers background reports that

12 include criminal histories for sale to employers.

13     4.  Because an employer's hiring decisions often depend on the applicant being

14 either completely free of criminal convictions or free of criminal convictions within a certain

15 period of time, it is extremely important that the information contained in criminal history

16 reports be thoroughly accurate.

17     5.  Defendant's criminal history reports (hereinafter "Criminal History Reports")

18 that include one or more criminal convictions are misleading and inaccurate when they omit the

19 conviction date and instead include some other date (labeled merely "Date" on the report) where

20 Defendant presents it in a fashion that suggests the "Date" is actually the conviction date.

21     6.  Defendant's misleading and inaccurate Criminal History Reports result in

22 adverse employment decisions by employers against qualified employees.

23     7.  Specifically, in the section of Defendant's Criminal History Reports that

24 provides information concerning criminal convictions, Defendant provides the information

25 using the following labels and in the following order:

26     Case Reference#

27     Case Date

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

1                   Name on File

2                   DoB on File

3                   Charge

4                   Charge Type

5                   Disposition

6                   Date

7                   Sentence

8. As the preceding paragraph shows, Defendant's Criminal History Reports provide several dates in connection with information concerning a criminal conviction, including dates labeled "Case Date" and "Date."

9. The "Case Date" is always earlier in time than the "Date."

10. Because Defendant presents the "Case Date" just below the "Case Reference #," employers do not likely infer that the "Case Date" is a conviction date.

11. Because Defendant presents the "Date" just after information concerning the subject's "Charge," "Charge Type," and the charge's "Disposition" and just before the subject's "Sentence," and because the "Date" is always later in time than the "Case Date," employers very likely reasonably infer that the information Defendant labels as "Date" is a conviction date.

12. However, the information that Defendant labels as "Date" is not a conviction date. The information labeled as "Date" is unrelated to the conviction date and is often years after the actual date of conviction.

13. Thus, Defendant presents the criminal history information in its Criminal History Reports in a manner that misleads employers and, consequently, injures prospective and current employees.

14. A reasonably prudent person in Defendant's position would not use the ambiguous label of "Date" to identify an unspecified event in someone's criminal record, especially when presenting the "Date" information immediately after information concerning the subject's "Charge," "Charge Type," and "Disposition" and immediately before information

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600 DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

concerning the subject's "Sentence."  Instead of using the label "Date," a reasonably prudent person would use a more specific label to indicate to which event in the criminal record the "Date" field refers or would omit the "Date" field altogether.

15.    Information that would clarify Defendant's misleading Criminal History Reports is easily available.  Indeed, Defendant already has more specific information regarding criminal records in its databases that could clarify the information labeled as "Date."  Including this easily accessible information in the Criminal History Reports would impose little to no cost on Defendant.

16.    By contrast, the injuries prospective and current employees suffer on account of Defendant's misleading Criminal History Reports are significant.  Among other things, employees can lose their jobs, can lose wages to which they would otherwise be entitled, and can suffer emotional distress, mental anguish, loss of enjoyment of life, embarrassment, and humiliation.

17.    Further, misrepresenting the conviction date as more recent than it is causes harm because certain items of criminal history that would otherwise be too old to be reported are nevertheless reported due to the inaccurate date.

18.    For example, under Washington law, consumer reporting agencies are not permitted to report juvenile records related to adult consumers.  RCW 19.182.040(1)(f).

19.    As explained below, the misreported date can cause juvenile convictions to be reported even when the conviction should not have been reported under Washington law.

20.    Defendant has injured Plaintiff and class members by providing their respective employers with misleading and inaccurate Criminal History Reports.

21.    Defendant systematically violates the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and and the Washington Fair Credit Reporting Act, RCW 19.182.500, *et seq.* (the "WAFCRA"), by failing to follow reasonable procedures to assure maximum possible accuracy of the Criminal History Reports.

22.    Plaintiff seeks redress on behalf of all persons who have suffered due to

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

Defendant's misleading and inaccurate criminal background reporting practices.

## JURISDICTION AND VENUE

23.   Plaintiff filed this case on August 24, 2015 in King County Superior Court.

24.   Defendant removed this case on September 28, 2015 pursuant to 28 U.S.C. § 1441.

25.   The Court has jurisdiction over Plaintiff's FCRA claims under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

26.   Venue is proper in this Court under 28 U.S.C. §§ 1391, 1441(a) because Defendant removed this case from King County Superior Court, and a substantial part of the events giving rise to the claim occurred in this District.

27.   This action is timely filed within the limits prescribed by all applicable statutes of limitation and repose.

## PARTIES

28.   Plaintiff Matthew Dedering is a natural person who resides in Puyallup, Washington.  Dedering is a consumer within the meaning of the FCRA and WAFCRA.  *See* 15 U.S.C. § 1681a(c); RCW 19.182.010(3).

29.   First Advantage is a consumer reporting agency headquartered in Atlanta, Georgia that provides more than 54 million background checks annually and has over 350 million criminal records as part of its database. http://www.fadv.com/Portals/0/Downloads/infographics/FADV-OurStory-Infographic-v12-041715.pdf.

## SERVICE ON THE ATTORNEY GENERAL

30.   Counsel for Plaintiff are causing a copy of this pleading to be served contemporaneously with this filing on the Attorney General of Washington in accordance with RCW 19.86.095.

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

1    **PLAINTIFF DEDERING'S REPORT**

2    31.    In August 2013, Plaintiff Dedering applied for a retail job with Best Buy in

3    Puyallup, Washington.

4    32.    In September 2013, Best Buy procured a Criminal History Report from

5    Defendant.  The report is attached as Exhibit A.

6    33.    The information Defendant provided in the Criminal History Report was

7    inaccurate and incomplete.

8    34.    Specifically, Defendant provided to Best Buy the following information

9    concerning Dedering's two convictions:

| | | | |
|---|---|---|---|
| 10 | a. | Case Reference # | 988013629 |
| 11 | | Case Date | 04/02/1998 |
| 12 | | Name on File | Matthew Dedering |
| 13 | | DoB on File | [omitted] |
| 14 | | Charge | POSSESSION OF STOLEN PROPERTY 1ST |
| 15 | | Charge Type | FELONY |
| 16 | | Disposition | GUILTY |
| 17 | | Date | 8/26/2008 |
| 18 | | Sentence | PROBATION 6 MONTHS |
| 19 | b. | Case Reference # | 988015141 |
| 20 | | Case Date | 04/22/1998 |
| 21 | | Name on File | Matthew Dedering |
| 22 | | DoB on File | [omitted] |
| 23 | | Charge | BURGLARY 2ND |
| 24 | | Charge Type | FELONY |
| 25 | | Disposition | GUILTY |
| 26 | | Date | 8/26/2008 |
| 27 | | Sentence | RESTITUTION 1100; PROBATION 3 |

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

MONTHS; COMMUNITY SERVICE 20 HOURS

35.     Defendant misleadingly and inaccurately stated that Dedering was convicted of two felonies on August 26, 2008.

36.     In fact, Dedering was not convicted on August 26, 2008.  Instead, the disposition orders in his cases were entered on August 26, *1998*, and an amended disposition order was entered in Case No. 988015141 on August 2, *1999*.

37.     Defendant's Criminal History Report does not include Dedering's actual conviction dates, but instead incorrectly lists August 26, 2008 as the conviction dates for both cases.

38.     The misleading and inaccurate Criminal History Report Defendant provided to Best Buy prevented Dedering from passing Best Buy's background check.

39.     As part of its services for Best Buy, Defendant not only generates Criminal History Reports, but also "adjudicates" job applicants based on those reports and a list of hiring criteria provided by Best Buy.

40.     Defendant applies different labels, "Eligible" or "Ineligible," to prospective job applicants.  These labels reflect Defendant's determination as to whether the consumer who is the subject of the Criminal History Report satisfies the employer's pre-established hiring criteria.

41.     When a consumer is labeled as "Ineligible," Defendant also labels as "Decisional" the section of its report which was the basis for the "Ineligibility" rating.

42.     Defendant adjudicated Dedering as "Ineligible."  Per the report, the only section of Dedering's report that was flagged as "Decisional" was the section of Defendant's report titled "Felony Including Misdemeanor PUYALLUP, PIERCE, WA."  The only criminal history included under that heading were the two convictions listed above.

43.     The "Search Period" for that search was a seven-year search from 8/16/2006-8/16/2013.

44.     When Plaintiff requested a copy of his consumer file from Defendant in March

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

of 2015, Defendant produced a new report for Plaintiff that had a category title of "Disposition Date."  For both of his convictions, Defendant provided the "Disposition Date" as August 26, 2008.  *See* Exhibit B.

45.     When Plaintiff requested a copy of his consumer file from Defendant in March of 2015, Defendant's response did not include any copies of any original court records regarding Plaintiff.  *See* Exhibit B.

46.     If Defendant had listed the correct disposition dates of 1998 and 1999, rather than the incorrect August 26, 2008 disposition dates, those convictions would have never appeared in Dedering's Criminal History Report for Best Buy because they would have been outside the search period.

47.     If Defendant had listed the correct disposition dates of 1998 and 1999, rather than the incorrect August 26, 2008 disposition dates, Defendant would have adjudicated Dedering as "Eligible" for the job at Best Buy.

48.     In addition, the Criminal History Report contained information about Dedering's juvenile criminal conviction history in violation of Washington law.  *See* RCW 19.182.040 (forbidding reporting of juvenile convictions).

49.     Plaintiff's date of birth was known to Defendant when it published its Criminal History Report to Best Buy.  The Criminal History Report to Best Buy included both the month and date of Plaintiff's birth, but did not show the year of his birth, instead representing it as "XXXX."

50.     Because Defendant knew Plaintiff's date of birth, Defendant was aware that Plaintiff was fourteen years old in April 1998 and sixteen years old in August 1999, the correct disposition dates for the convictions listed in Defendant's report.  Defendant was also aware that Plaintiff was over the age of twenty-one when Defendant supplied Plaintiff's Criminal History Report to Best Buy.

51.     Pursuant to Washington law, a person under the age of eighteen (18) who commits a criminal offense is considered a juvenile, and any juvenile record may not be

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

included in a consumer report.  *See* RCW 13.04.011(2) (defining juvenile as a person under the age of eighteen); RCW 19.182.040(f) (forbidding inclusion of juvenile records in reports produced after the consumer has reached the age of twenty-one).

52.     If Defendant had omitted juvenile convictions from its Criminal History Reports, as required by law, Defendant would have adjudicated Dedering as "Eligible" for the job at Best Buy.

53.     In 2007, Defendant issued a Criminal History Report on Dedering for another employer.  Notably, that Criminal History Report did not include Dedering's juvenile convictions. *See* Exhibit C.

54.     Defendant excluded the juvenile convictions from its 2007 Criminal Histroy Report because Defendant realized those convictions were too old to be reported without violating RCW 19.182.040 and because those convictions were for offenses committed when Dedering was a juvenile.

55.     Defendant therefore knew that the disposition dates for Dedering's juvenile convictions were incorrect on the 2013 Criminal History Report it issued to Best Buy. Defendant was also on notice that it was reporting juvenile convictions.

56.     Yet Defendant failed to have any quality control systems in place that flagged its 2013 report for additional review based on the fact that it included convictions which were not included on a previous report and which dated back to a time when Dedering was under the age of eighteen.

57.     Defendant's conduct violated the law.

58.     The FCRA and WAFCRA require that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy" in their reports.  15 U.S.C. § 1681e(b); RCW 19.182.060(2).

59.     The CFPB has found that it is unreasonable for consumer reporting agencies to have inadequate procedures in place to compare previously issued reports on a consumer to new reports on consumers. *See In Re Gen. Info. Servs., Inc.*, CFPB No. 2015-CFPB-0028, Consent

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1   Order ¶¶ 26-28 (C.F.P.B. Oct. 29, 2015).[1]

2       60.   Defendant failed to maintain reasonable procedures to ensure Dedering's

3   Criminal History Report was accurate, and further failed to maintain reasonable procedures to

4   ensure juvenile records were not included in his Criminal History Report.

5       61.   Defendant provided Best Buy with a copy of the consumer report it made in

6   relation to Plaintiff.

7       62.   Best Buy denied Plaintiff's application for employment as a result of the

8   convictions listed in the consumer report that Defendant made about Plaintiff.

9       63.   Defendant's conduct actually and proximately caused Plaintiff Dedering to suffer

10  injury and damages to his business or property, including but not limited to lost wages and

11  emotional distress..

12                          **CLASS ACTION ALLEGATIONS**

13      64.   Unfortunately, Dedering's experience with Defendant is not isolated.

14      65.   During the two-year period preceding the filing of the initial complaint,

15  Defendant has routinely reported inaccurate disposition dates for criminal offenses.  At least

16  two other individuals have filed lawsuits against Defendant based on the same allegations as

17  those present here, namely that Defendant routinely and systematically includes a date in the

18  "Date" field of its Criminal History Reports that does not match the actual date of conviction.

19  *See Jamon Bolton & Christopher Staples v. First Advantage LNS Screening Solutions, Inc.*,

20  No. 1:14-cv-5735 (S.D.N.Y.).

21      66.   Defendant routinely bases its decisions about whether a given conviction is a

22  juvenile conviction on information in the "Date" field.  When information in the Date field is

23  wrong, then so too is Defendant's determination about the age of the conviction.

24      67.   By presenting the criminal history information in its Criminal History Reports in

25  a manner that misleads employers and which routinely makes criminal convictions appear

26  _____

27  [1]   Available   at   http://files.consumerfinance.gov/f/201510_cfpb_consent-order_general-information-service-inc.pdf.

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

more recent than they actually are, Defendant's reporting practices injure prospective and current employees.

68.     By presenting criminal history information in its Criminal History Reports about juvenile convictions, Defendant's reporting practices injure prospective and current employees.

69.     The injuries prospective and current employees suffer on account of Defendant's misleading, inaccurate, and illegal Criminal History Reports are significant: among other things, job applicants may be denied employment and employees can lose their jobs, thereby losing wages to which they would otherwise be entitled.

70.     It is unreasonable for Defendant to continue to incorrectly report conviction dates.

71.     One example of Defendant's unreasonable procedures is its failure to exert quality control and correct records when a new Criminal History Report includes information about a criminal case that was excluded from a previous report.

72.     Defendant elected not to have better quality control procedures in order to maximize its profits, choosing to forego the expense of quality control procedures like those outlined herein.   Defendant made this decision despite being on notice that its routine procedures rendered its Criminal History Reports inaccurate.

73.     Plaintiff assert his FCRA claim on behalf of the proposed "FCRA Class" defined as follows:

> All consumers who at any time during the applicable limitations period were the subject of a consumer report issued by Defendant to a user who certified that it would be used for employment purposes in which Defendant omitted the date of the consumer's conviction(s) and yet included information labeled "Date" that was not the date of the consumer's conviction(s).

74.     Plaintiff asserts his WAFCRA claim on behalf of the proposed "WAFCRA Class" defined as:

> All consumers in the state of Washington who at any time during the applicable limitations period were the subject of a consumer report issued by Defendant to a user who certified that it would be used for employment purposes in which Defendant omitted the

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

date of the consumer's conviction(s) and yet included information labeled "Date" that was not the date of the consumer's conviction(s).

75.  Plaintiff brings his Third Cause of Action on behalf of the WAFCRA Class for injunctive relief under the Washington Consumer Protection Act.

76.  Excluded from the Classes are officers and directors of Defendant; members of the immediate families of the officers and directors of Defendant; their legal representatives, heirs, successors, or assigns; and any entity in which they have or have had a controlling interest.  Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family.

**Numerosity**

77.  At this time, Plaintiff does not know the exact number of members of the Classes; however, given the nature of the claims and Defendant's widespread provision of Criminal History Reports to current and prospective employers, the members of the Classes are so numerous that joinder of them is impracticable.

**Commonality**

78.  There is a well-defined community of interest in the questions of law and fact involved in this case.  These questions include but are not limited to the following:

  a)  whether Defendant furnishes misleading and inaccurate Criminal History Reports to employers concerning prospective and current employees;

  b)  whether Defendant uses reasonable procedures to assure maximum possible accuracy of the Criminal History Reports it furnishes to employers;

  c)  whether Defendant has engaged in a common course of omitting accurate conviction dates from its Criminal History Reports;

  d)  whether Defendant's WAFCRA and FCRA violations were willful, and/or negligent;

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

e)      Whether Defendant's common course of conduct constitutes unfair or deceptive acts or practices;

f)      Whether Defendant's common course of conduct has an impact on the public interest because it violates a statute that incorporates chapter 19.86 RCW and contains a specific legislative declaration of public interest impact;

g)      Whether injunctive relief is appropriate so as to protect Plaintiff, members of the Classes, and other Washington consumers from Defendant's common course of unlawful conduct.

**Typicality**

79.      Plaintiff's claims are typical of the claims of the Classes.  Plaintiff and members of the Classes were each the subject of one of Defendant's misleading and inaccurate Criminal History Reports.  Thus, Plaintiff's claims, like the claims of the Classes, arise out of the same common practices of conduct by Defendant and are based on the same legal and remedial theories.

**Adequacy**

80.      Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel who are experienced in litigating complex class actions.  Plaintiff has no interests that conflict with those of the class members.

**Injunctive Relief**

81.      The WAFCRA Class meets the requirements for certification to obtain injunctive or equitable relief under Fed. R. Civ. P. 23(b)(2), as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

**Predominance and Superiority**

82.     The Classes all meet the requirements for certification to seek monetary relief under Fed. R. Civ. P. 23(b)(3), as the questions of law or fact common to class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Additionally, individual actions may be dispositive of the interests of the Classes even though certain members of the Classes are not parties to such actions.  Further, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

        a.     Absent a class action, class members as a practical matter will be unable to obtain redress; Defendant's violations will continue without remedy; and additional consumers will be harmed.

        b.     It would be a substantial hardship for most individual members of the Classes if they were forced to prosecute individual actions.

        c.     A class action will permit an orderly and expeditious administration of class claims and foster economies of time, effort, and expense.

        d.     The lawsuit presents no difficulties that would impede its management by the Court as a class action.

        e.     Defendant has acted on grounds generally applicable to class members, making class-wide relief appropriate.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Violation of 15 U.S.C. § 1681e(b))**
**On Behalf of the Plaintiff and the FCRA Class**

83.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-82 as if fully set forth herein.

84.     Plaintiff brings this claim on behalf of himself and on behalf of the FCRA Class members, under the FCRA for violation of 15 U.S.C. § 1681e(b).

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

85.     In the "Congressional findings and statement of purpose" of the FCRA, Congress stated that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(3), (4).

86.     Plaintiffs and FCRA Class members are "consumers" under the FCRA because Plaintiff and FCRA Class members are individuals. *See* 15 U.S.C. § 1681a(c) ("The term 'consumer' means an individual.").

87.     The FCRA applies to Defendant because it is a "person" and a "consumer reporting agency" under the statute, and its Criminal History Reports are "consumer reports" under the statute. *Id.* § 1681a(b), (d)(1), (f).

88.     Indeed, Defendant has admitted the FCRA applies to the Criminal History Reports it issued regarding Plaintiff because such report includes, *inter alia*, a copy of Plaintiff's rights under the FCRA.

89.     Under the FCRA, a "person" is an "individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." *Id.* § 1681a(b).

90.     Defendant is a corporation and, consequently, it is a "person" under the FCRA.

91.     Under the FCRA, a "consumer reporting agency" is a "person which, for monetary fees . . . regularly engages . . . in part in the practice of assembling or evaluating . . . information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

92.     Defendant is a "consumer reporting agency" under the FCRA because, for monetary fees, it assembles or evaluates information on consumers for the purpose of furnishing Criminal History Reports to third parties (*i.e.*, the consumers' current or prospective employers), and because Defendant uses means or facilities of interstate commerce for the

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

1    purpose of preparing or furnishing the Criminal History Reports.  *Id.*

2        93.    Defendant's Criminal History Reports are "consumer reports" under the FCRA

3    because each Criminal History Report is a "written . . . communication of . . . information by a

4    consumer reporting agency bearing on a consumer's . . . character, general reputation, personal

5    characteristics, or mode of living which is used or expected to be used or collected in whole or

6    in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . .

7    employment purposes[.]"  *Id.* § 1681a(d)(1)(B).

8        94.    As part of its service agreement with its customers, Defendant requires that its

9    customers contact Defendant to invoke special procedures for preparation and use of a Criminal

10   History Report in the case of suspected misconduct or violation of state, federal, or local law.

11   Plaintiff's and the FCRA Class's Criminal History Reports were not procured using these

12   special procedures.

13       95.    Plaintiff's report was not procured in connection with any investigation of

14   suspected misconduct relating to employment or to compliance with state, federal, or local laws

15   and regulations, the rules of a self-regulatory organization, or any preexisting written policies of

16   the employer.

17       96.    Section 1681e(b) of the FCRA provides:

18           Whenever a consumer reporting agency prepares a consumer
             report it shall follow reasonable procedures to assure maximum
19           possible accuracy of the information concerning the individual
             about whom the report relates.

20       97.    Under FCRA Section 1681e(b), First Advantage has a duty to "follow reasonable

21   procedures to assure maximum possible accuracy of the information" in its Criminal History

22   Reports.  *Id.* § 1681e(b).

23       98.    As set forth above, when preparing the Criminal History Reports, which are

24   consumer reports, Defendant has lacked, and continues to lack, reasonable procedures to assure

25   the maximum possible accuracy of the information contained in the Criminal History Reports.

26   Defendant fails to follow such reasonable procedures because it knowingly, recklessly, and

27

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

negligently omits the conviction dates from the Criminal History Reports.  Instead, Defendant includes information labeled merely "Date" that its customers very likely reasonably infer is a conviction date.

99.     Defendant's liability to Plaintiff and the FCRA Class members arose from the same unlawful policies, practices, or procedures.  In particular, Defendant failed to employ reasaonble procedures to ensure maximum possible accuracy of the information in the consumer reports in question.

100.    Defendant's violations of Section 1681e(b) were also willful in that (i) it knew, or reasonably should have known, that it was failing to comply with the FCRA and/or (ii) it was acting in reckless disregard of its responsibilities under the FCRA.

101.    As a result of Defendant's unlawful actions and pursuant to Section 1681n and 1681o, Plaintiff and each FCRA Class member are entitled to any actual damages they sustained or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the Court may allow; and the costs of the action together with reasonable attorney's fees as determined by the Court.  *See* § 1681n(a)(1)(A), (2), and (3); and § 1681o(a)(1), (2).

102.    The above-described willful and negligent violations present an ongoing threat to the FCRA Class.

### SECOND CAUSE OF ACTION
**(Violation of WAFCRA, RCW 19.182.060(2))**
**On Behalf of Plaintiff and the WAFCRA Class**

103.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-82 as if fully set forth herein.

104.    Plaintiff is a "consumer" under the WAFCRA because Plaintiff is an individual. RCW 19.182.010(3).

105.    Defendant is a "consumer reporting agency" under the WAFCRA because, for monetary fees, it assembles or evaluates information on consumers for the purpose of furnishing Criminal History Reports to third parties (*i.e.*, the consumers' current or prospective employers), and because Defendant uses means or facilities of interstate commerce for the

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1  purpose of preparing or furnishing the Criminal History Reports.  RCW 19.182.010(5).

2       106.   Defendant's Criminal History Reports are "consumer reports" under the

3  WAFCRA because each Criminal History Report is a "written . . . communication of . . .

4  information by a consumer reporting agency bearing on a consumer's . . . character, general

5  reputation, personal characteristics, or mode of living which is used or expected to be used or

6  collected in whole or in part for the purpose of serving as a factor in establishing the consumer's

7  eligibility for . . . employment purposes[.]"  RCW 19.182.010(4)(a)(ii).

8       107.   Under the WAFCRA, consumer reporting agencies "shall follow reasonable

9  procedures to assure maximum possible accuracy of the information concerning the individual

10 about whom the report relates."  RCW 19.182.060(2).

11      108.   When preparing consumer reports, including those of Plaintiff and the WAFCRA

12 Class members, Defendant has lacked, and continues to lack, reasonable procedures to assure

13 the maximum possible accuracy of the information concerning the individuals about whom the

14 reports relate.  Consequently, Defendant's conduct violates RCW 19.182.060.

15      109.   Defendant's violations of RCW 19.182.060 were willful in that (i) it knew, or

16 reasonably should have known, that it was failing to comply with the WAFCRA and/or (ii) it

17 was acting in reckless disregard of its responsibilities under the WAFCRA.

18      110.   As a result of its knowledge of its responsibilities under the WAFCRA,

19 Defendant's failure to comply with WAFCRA as to Plaintiff and the WAFCRA Class members

20 has been intentional and willful, or, at least, negligent.

21      111.   As a result of Defendant's violation of the WAFCRA, Plaintiff and WAFCRA

22 Class members were harmed to their detriment, and each WAFCRA Class member seeks an

23 award of actual damages, a monetary penalty of $1,000, and attorney's fees and costs.  RCW

24 19.182.150.

### THIRD CAUSE OF ACTION
**(Injunctive Relief for Violation for Consumer Protection Act, RCW 19.86)**
**On Behalf of Plaintiff and the WAFCRA Class**

27      112.   Plaintiff re-alleges and incorporates the allegations in paragraphs 1-82 and 103-

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1   111 above as if fully set forth herein.

2       113.    Plaintiff brings this claim on behalf of himself and on behalf of the members of

3   the WAFCRA Class for violations of the Washington Consumer Protection Act, Chapter 19.86

4   RCW.

5       114.    The Washington legislature has found that the practices covered by the

6   WAFCRA, chapter 19.182 RCW, are matters vitally affecting the public interest for the purpose

7   of applying the Consumer Protection Act, chapter 19.86 RCW.

8       115.    Violations of the WAFCRA are not reasonable in relation to the development

9   and preservation of business.

10       116.    Defendant is a "person" within the meaning of RCW 19.86.010(1).

11       117.    Defendant's violations of the WAFCRA are unfair or deceptive acts and

12   practices in trade or commerce.

13       118.    By the actions alleged above, Defendant has violated a statute that contains a

14   specific legislative declaration of public interest impact and has thus impacted the public

15   interest.

16       119.    By the actions alleged above, Defendant has injured persons other than Plaintiff

17   and has thus impacted the public interest.

18       120.    Defendant's common course of unlawful conduct has had and continues to have

19   the capacity to injure other persons and has thus impacted the public interest.

20       121.    By the actions alleged above, Defendant has injured Plaintiff and the members of

21   the WAFCRA Class in their business or property.

22       122.    Final injunctive relief is necessary to protect Plaintiff, members of the WAFCRA

23   Class, and other Washington consumers from Defendant's common course of unlawful conduct.

24       123.    Pursuant to RCW 19.86.090, Plaintiff and the WAFCRA Class are entitled to an

25   order enjoining the conduct of Defendant complained herein and such further equitable relief as

26   the Court may deem proper.  Plaintiff and the WAFCRA Class are also entitled to the costs of

27   the suit and reasonable attorneys' fees.

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.     An Order certifying the proposed Classes under Fed. R. Civ. P. 23(b)(2), and (b)(3) and appointing Plaintiff as class representative and his counsel as class counsel, as soon as practicable;

B.     An Order declaring that Defendant is financially responsible for notifying class members of the pendency of this suit;

C.     An Order declaring that Defendant has committed the violations of law alleged herein;

D.     An Order providing for any and all injunctive relief the Court deems appropriate;

E.     An Order awarding statutory damages in the maximum amount the law allows;

F.     An Order awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined by the Court or jury;

G.     An Order awarding punitive damages in accordance with proof and in an amount consistent with applicable precedent;

H.     An Order awarding interest at the maximum allowable legal rate on the foregoing sums;

I.     An Order awarding Plaintiff his reasonable costs and expenses of suit, including attorneys' fees; and

J.     Such further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1    RESPECTFULLY SUBMITTED AND DATED this 25th day of November, 2015.

2                                          NICHOLS KASTER, PLLP
3                                          By:/s/John G. Albanese
                                           E. Michelle Drake, MN Bar No. 0387366*
4                                          Email: drake@nka.com
                                           John G. Albanese, MN Bar No. 0395882*
5                                          Email: jalbanese@nka.com
                                           4600 IDS Center
6                                          80 South 8th Street
                                           Minneapolis, MN 55402
7                                          Tel: 612.256.3200
                                           Fax: 612.338.4878
8

9                                          TERRELL MARSHALL LAW GROUP, PLLC
                                           Beth E. Terrell, WSBA #26759
10                                         Email:  bterrell@terrellmarshall.com
                                           Kerem Levitas, WSBA #46238
11                                         Email:  klevitas@terrellmarshall.com
                                           936 North 34th Street, Suite 300
12                                         Seattle, Washington  98103-8869
                                           Telephone:  (206) 816-6603
13                                         Facsimile:  (206) 350-3528
14

15                                         FINKELSTEIN, BLANKINSHIP, FREI-
                                           PEARSON & GARBER LLP
16                                         Todd S. Garber**
                                           Email: tgarber@fbfglaw.com
17                                         1311 Mamaroneck Ave, Suite 220
                                           White Plains, NY 10605
18                                         Telephone: 914-298-3281
                                           Facsimile: 914-824-1561
19

20                                         THE RICHMAN LAW GROUP
                                           Kim E. Richman**
21                                         Email: krichman@richmanlawgroup.com
                                           81 Prospect Street
22                                         Brooklyn, NY 11201
                                           Telephone: 212-687-8291
23                                         Facsimile: 212-687-8292
24
                                           *admitted *pro hac vice*
25                                         **pro hac vice* forthcoming
26
                                           *Attorneys for Plaintiff and Proposed Classes*
27

FIRST AMENDED COMPLAINT
CASE NO. 2:15-CV-05138

NICHOLS KASTER, PLLP
4600  DS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878